CLINTON C. COMSTOCK *et al.* Appellees, *vs.* CARRIE A. REDMOND, Appellant.

*Opinion filed December 21, 1911.*

1. JURISDICTION—*court has jurisdiction of bill to construe will where existence of trust is controverted.* The jurisdiction of a court of equity to interpret wills arises out of the general jurisdiction of chancery over trusts, and if there is a controversy as to whether a will creates a trust, a court of equity has jurisdiction to decide whether a trust is created, and if so, to construe it.

2. WILLS—*when will creates a trust.* Where a will gives all of the testator's property to his sons, "subject to the charges hereinafter specified," provides a method for ascertaining the "net amount" of the estate, and gives to each of his daughters "a sum of money" equal to a certain per cent of a specified portion of the "net amount" of the estate, to be paid semi-annually to the daughters by the sons after their discharge as executors, there is an intention shown to make the sons trustees for the daughters as to the specified portions of the estate.

3. SAME—*when bequests are not within rule against perpetuities.* Bequests to the children or grandchildren of a person in being who are living at the time of such person's death are not within the rule against perpetuities, where the terms of the will require the bequests to be paid, if at all, within twenty-one years after such person's death.

4. SAME—*when it is not error for court to find that proceedings taken by executors were in accordance with the will.* In a

proceeding by executors to construe a will it is not error for the court, in construing the will on demurrer to the bill, to find that the proceedings of the complainants had been in accordance with the terms of the creation of the trust, as the defendant, if she desired to contest that matter as a question of fact, should have answered the bill and presented that issue.

5. APPEALS AND ERRORS—*party cannot complain of error affecting others, only.* Where the widow does not see fit to complain that the provisions of a decree construing a will do not properly protect her interests, other persons not affected by such provisions cannot complain.

6. COSTS—*costs in chancery are in the discretion of the court.* Costs in chancery cases are in the discretion of the court, and this discretion, unless abused, will not be interfered with by the Supreme Court.

7. SAME—*when allowance of fee to guardian ad litem will be sustained.* An allowance of a fee to the guardian *ad litem* for infant defendants to a bill to construe a will will be sustained, where the decree recites that evidence was heard by the court and that services of the reasonable value of the amount fixed by the decree were rendered.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding.

C. C. & F. L. STRAWN, (CRANGLE & VENNUM, of counsel,) for appellant.

A. F. GOODYEAR, and STEPHEN C. MALO, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

Charles H. Comstock died testate on May 13, 1907. He left a widow, Adelia Comstock. His heirs were his three sons, Clinton C., William H. and George K., and his three daughters, Alice S. Clifton, Mae R. Zumwalt and the appellant, Carrie A. Redmond. All his children were beneficiaries under his will. The sons were named as executors, but George being a minor when his father died, only the elder brothers qualified and assumed the duties of that

trust. On January 24, 1910, the sons, as executors, trustees and beneficiaries, filed a bill for the construction of the will in the circuit court of Iroquois county, setting forth the proceedings had in regard to the administration of the estate and the execution of the will and the claims made by their sisters, and particularly the appellant, as to the meaning and effect of the will and the rights of the daughters under it, and asking that the court instruct them as to their rights and duties under the will, declare whether the will was invalid in whole or in part, and ascertain and declare the rights of all the parties under it. The widow answered, admitting the allegations of the bill. A guardian *ad litem* was appointed for the infant defendants and filed an answer calling for strict proof. The appellant demurred to the bill, and upon her demurrer being overruled filed an answer. This she subsequently withdrew by leave of the court and again demurred. Her demurrer was again overruled and she elected to stand by it. The bill was taken as confessed against her, a hearing was had upon evidence, oral and documentary, and a decree was rendered construing the will in accordance with the claims of the complainants and approving their action under the will. From this decree Carrie A. Redmond has appealed.

By the first three clauses of his will the testator gave to his sons all his property, "subject to the charges hereinafter specified," to be divided equally among them, nominated his sons as executors and directed them to pay the debts of the estate. He then named certain persons whom he desired to appraise his real estate in Illinois and in Iowa, and directed his executors, upon the final settlement of his estate, to establish by their final report the amount of a fund which he designated the "net amount of my estate," and which was to be ascertained by adding to the value of his real estate as appraised by the appraisers named, the amount of personal estate remaining after the payment of

debts and cost of administration. The sixth, seventh and eighth clauses of the will gave to the three daughters, respectively, each a sum of money equal to one and a half per cent of one-sixth of the "net amount" aforesaid, to be paid six months after the date of the final discharge of the executors, and a like sum every six months thereafter during their respective lives. The tenth clause is as follows:

"I give and bequeath to the lawful issue of my daughter Alice S. Clifton, who shall be living at her death, and to the child or children then living of any of such issue who may be dead, such child or children taking the share its parent would have taken if living, a sum of money equal to one-sixth of the 'net amount of my estate,' to be paid as follows: That after the death of my daughter Alice S. Clifton, and when any child of her, the said Alice S. Clifton, shall have reached the age of twenty-one years, then the share of such child shall become due and payable; and if any child or children of my said daughter Alice S. Clifton shall die leaving issue surviving my said daughter, then such issue shall take its parent's share, and the same shall be due and payable to such issue at the time that its parent would, if living, have attained the age of twenty-one years."

The eleventh and twelfth clauses are the same as the tenth, except that they, respectively, refer to the other two daughters. The thirteenth clause provided that the sums bequeathed to the daughters and to their descendants should be paid by the three sons equally, and they were to be a charge upon all of the real estate of the testator except certain specified parcels. The clause then continues: "And it is further my will and desire that in case any of my daughters shall die without leaving any descendants her surviving, or if any daughter shall die without leaving any descendant who shall survive to take the bequest made in its behalf, then and in such case it is my will and desire that the bequest to the descendants of my daughter so dy-

ing shall lapse; and in the event any such bequest shall
so lapse, then the bequest to my remaining daughters shall
be increased from the date of such lapsing in a ratio cor-
responding with the number of my children less any such
deceased daughter or daughters, that is to say: In the
event that one daughter shall die without descendants or
without descendants who shall survive to take as above pro-
vided, then my two remaining daughters shall receive, from
the time that such bequest shall lapse, her semi-annual al-
lowance, to be computed on one-fifth of the 'net amount of
my estate,' and the legacy to the descendants of my two
surviving daughters shall be increased to a sum equal to
one-fifth of the 'net amount of my estate.' " The four-
teenth clause provided that if at any time the three sons
should desire to have themselves and their real estate re-
lieved from the burdens imposed upon them and upon said
real estate for the benefit of the daughters and their de-
scendants, then they might apply to any court of competent
jurisdiction in the county of Iroquois for the appointment
of a trustee to take the fund provided for by that clause of
the will in such event, and upon the appointment of such
trustee they should pay him, if all the daughters were liv-
ing, or if any of the daughters were dead leaving descend-
ants her surviving, a sum of money equal to one-sixth of
the "net amount" of the estate for each of said daughters,
but if any daughter had died without having left any de-
scendants, the sons should pay to the trustee such propor-
tionate share of the "net amount" of the estate as was in
the will provided to be paid to the survivor of the daugh-
ter and her descendants. The last clause of the will stated
that the testator had made no provision for his wife, not
because he was not deeply solicitous about her comfort and
welfare, but because she had had almost no experience in
business matters and in the care of property and was bur-
dened with infirmities and afflictions that rendered her al-
most unable to attend to such matters, and the testator

deemed it advisable to make no provision for her, knowing that his children, and especially his sons, would see to it that her every want was supplied and her declining years were made comfortable and happy.

The appellant insists that the court was without jurisdiction to entertain the bill because there was no trust involved and because the will was so clear and unambiguous that there was no occasion for construction. The jurisdiction of equity to interpret wills arises out of the general jurisdiction of chancery over trusts. There is a controversy in this case as to whether there is a trust or not, the appellant denying and the appellees affirming its existence. In such case we have held that the circuit court has jurisdiction to determine whether or not a trust was created, and if it was created, to construe it. *McCutcheon* v. *Pullman Trust and Savings Bank,* 251 Ill. 551; *Orr* v. *Yates,* 209 id. 222.

The first clause of the will gives all the testator's property to his sons, but not absolutely. The devise is subject to the charges afterwards specified in the will. Among these charges are the devises in the sixth, seventh, eighth, tenth, eleventh and twelfth clauses. In substance these clauses provide that the sons shall pay to each of the daughters interest on one-sixth of the value of the estate during her life, and upon the death of each daughter shall pay to her heirs one-sixth of the value of the estate. The language used in each of these clauses is, "I give and bequeath * * * a sum of money,"—that is to say, the testator gives out of his estate. Construing the whole will together, these bequests, in connection with those in the first clause, "subject to the charges hereinafter specified," clearly indicate the testator's intention to constitute the sons trustees of one-half of the estate for the benefit of the daughters and their descendants, in accordance with the terms of the will.

It is contended that the tenth, eleventh, twelfth and thirteenth clauses of the will violate the rule against per-

petuities. A devise or bequest which becomes vested within twenty-one years after a life in being cannot violate this rule, and the bequests contained in these clauses do so vest. Clauses 10, 11 and 12 are alike, except the name of the daughter. Clause 11 refers to the appellant. The gift is to persons living at her death,—that is, to the lawful issue of Carrie A. Redmond who shall be living at her death, and to the child or children then living of any such issue who may be dead. A child or grandchild of Mrs. Redmond, in order to take anything under this will, must be living at her death. If such child or grandchild is then twenty-one the bequest is payable immediately. If such child is not then twenty-one the bequest is not payable until that age is reached. If the person to take is not a child but a grandchild whose parent has died in Mrs. Redmond's lifetime, such grandchild will take its parent's share, payable when the parent would have attained the age of twenty-one years, or if the parent would have attained that age in Mrs. Redmond's lifetime, then payable immediately. It is entirely immaterial when these bequests may be said to vest, because they are to persons living at the time of the death of Carrie A. Redmond, who is a person in being, and they must be paid, if at all, within twenty-one years after her death, because within that time every person in being at her death will have attained the age of twenty-one years.

The court found the value of the estate, the value of the Illinois land and of the Iowa land as fixed by the appraisers, and that the proceedings of the complainants had been in accordance with the right construction of the will. It is objected that this was beyond the allegations of the bill and the authority of the court. It was proper for the court to determine whether the action of the complainants had been in accordance with the terms of the creation of the trust, and if the appellant had desired to contest it as a matter of fact she should have answered the bill and presented this issue.

The appellant has no interest in the decree of the court in regard to the widow. The latter alone could complain if the decree did not properly protect her interests, and she has not seen fit to do so.

Objection is made to the allowance of a fee to Stephen C. Malo, who was appointed guardian *ad litem* for the infant defendants. The decree recites that evidence was heard by the court and that services were rendered of the reasonable value of the amount fixed by the decree, and we cannot see from the record that the court abused its discretion.

The name of one of the infant defendants was wrongly stated in the answer. The interest of the infant defendants was to sustain the complainants' construction of the will, and this was done by the decree. No harm came of the error in the name.

Complaint is made that the court abused its discretion in taxing against the appellant certain sheriff's fees and mileage and certain witness fees. The appellant made a motion for the appointment of a guardian *ad litem* for Adelia Comstock, the widow, and upon the hearing of this motion witnesses were produced and testified. The evidence is not preserved. The court denied the motion, and the fees of the witnesses and of the sheriff accruing because of that hearing were taxed against the appellant. Costs in chancery are in the discretion of the court, and this discretion will not be interfered with unless abused. We have nothing before us from which we can find any abuse of discretion in respect to the costs.

The decree of the circuit court will be affirmed.

*Decree affirmed.*