FRANK A. WIMBUSH *et al.* Appellees, *vs.* JANE M. WIM- BUSH *et al.* Appellants.

*Opinion filed February 23, 1912.*

1. WILLS—*the entire will must be taken into consideration.* In construing a will the entire will must be taken into consideration, and a construction should not be adopted which will, without reason, eliminate a large portion of the instrument.

2. SAME—*when will should be construed as creating trust estate in widow and not an absolute fee.* Even though the first paragraph of a will, standing alone, vests the widow with an absolute fee, yet if a subsequent paragraph clearly shows that the testator's intention was to create a trust estate for the benefit of the widow and his children, including those by a former wife, the will should be construed as creating such trust estate and not as giving the widow an absolute fee.

CARTER, C. J., dissenting.

APPEAL from the Circuit Court of Marion county; the Hon. THOMAS M. JETT, Judge, presiding.

JAMES M. DILL, and KAGY & VANDERVORT, (W. F. SMITH, of counsel,) for appellants.

NOLEMAN & SMITH, and W. F. BUNDY, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed in the circuit court of Marion county by Frank A. Wimbush, John H. Wimbush, Thomas Wimbush and Maud K. Linberg, the children of John Wimbush, deceased, by his first wife, against Jane M. Wimbush, his widow, and Fannie J. Wimbush and Nelson R. Wimbush, his children by said Jane M. Wimbush, for a construction of the will of John Wimbush, deceased. Jane M. Wimbush and Fannie J. Wimbush filed an answer to the bill and Nelson R. Wimbush answered the bill by his guardian *ad litem,* and a replication was filed, and the court entered a decree, in which it was held that Jane M. Wimbush took title to all of the lands of which John Wimbush died seized in the State of Illinois and of the personal property of which he was possessed, in trust, with the absolute power of sale, for the use of herself and the six children of said John Wimbush, deceased, in equal parts, with the exception of a bequest of $200 to each of said children. From that decree Jane M. Wimbush and Fannie J. Wimbush have prosecuted an appeal to this court, and they contend in this court that Jane M. Wimbush took the entire estate in Illinois of said John Wimbush, deceased, absolutely, under the terms of his will, with the exception of the sum of $1200, which the will provided should be paid, in equal amounts, to each of the six children of said John Wimbush, deceased, and which bequests have been paid.

The will of John Wimbush, deceased, omitting the formal parts, reads as follows:

"To my wife, Jane M. Wimbush, I give, devise and bequeath all my property, estate and effects, real and personal or mixed, of whatsoever kind, character or description and wheresoever situated.

"I appoint my said wife, Jane M. Wimbush, my sole executrix herein, and I direct that as such she give no bond. I direct, as such trustee, the said wife, Jane M. Wimbush, while not re-married, give no bond for said trust estates

of said minors born of marriage. I invest my said executrix, Jane M. Wimbush, as such and without bond, with full and absolute discretion, capacity, authority and power to sell, grant, convey and deliver, in such manner, on such terms and at such prices as said executrix may elect, all or any part of my estate, real, personal or mixed, and to make perfect record title thereto and create perfect ownership thereof, all absolutely and forever, the same as I could do if living, and to collect and re-invest the proceeds thereof or any insurance thereon for the benefit of herself and said children named hereafter, Frank A. Wimbush, John H. Wimbush, Maud K. Linberg, Thomas Wimbush, being children of my former wife, Julia A. Wimbush, who died July 29, A. D. 1886, also my children of my present wife and executrix of this will, (Jane M. Wimbush,) Fannie J. Wimbush and Nelson R. Wimbush, with the exception of an allowance of two hundred dollars ($200) which I bequeath to each of my children named hereafter, to be paid within two years after my death by my said wife and executrix, Jane M. Wimbush: Frank A. Wimbush, John H. Wimbush, Thomas Wimbush, Fannie J. Wimbush, Nelson R. Wimbush and Maud K. Linberg. The balance of my estate to be handled as above stated by my wife and executrix, Jane M. Wimbush. I hereby nominate my said wife, Jane M. Wimbush, the executrix of this my last will and testament, and I hereby request that she be not required to give bond for the faithful discharge of the trust hereby reposed in her as such executrix."

It is clear from the first paragraph of the will of John Wimbush, deceased, hereinbefore set out, that Jane M. Wimbush would take the entire estate of John Wimbush, real, personal and mixed and wheresoever situated, if that paragraph of the will were not limited or controlled by the succeeding paragraph of the will. When, however, the two paragraphs are read together, it is clear Jane M. Wimbush is not given the entire estate but that she takes the same as trustee. The law is well settled that in construing a will all the provisions of the will must be taken into consid-

eration. If, therefore, the contention of the appellants be sustained and it be held that Jane M. Wimbush takes the entire estate, this well settled rule of construction must be disregarded, as to reach such conclusion the second paragraph of the will must be entirely eliminated from the will. We do not see why this should be done. We are of the opinion, when the entire will is read, that it is clear that it was the intention of the testator that Jane M. Wimbush should hold the testator's land and personal property in trust for the benefit of herself and the six children of the testator, in equal parts, with the exception of the bequests to be paid to his children, and that Jane M. Wimbush should have the right to sell his estate, or any part thereof, for the benefit of herself and the testator's children. To hold that the testator intended to give to Jane M. Wimbush his entire estate, with the exception of the six small bequests to his children, would be to eliminate the portions of the will which were clearly intended by the testator to impress a trust upon his estate, in the hands of Jane M. Wimbush.

We recognize the rule that when a testator by his will creates a fee, the fee will not be cut down to a lesser estate by a subsequent provision of the will unless the subsequent provision is clear and unambiguous. We think, however, if we give that rule its fullest force it is apparent from the reading of this will as a whole that the language of the subsequent paragraph of the will limits the estate created by the will and creates in Jane M. Wimbush a trust estate, and not an absolute fee. The second paragraph of the will is free from ambiguity and in construing the will it cannot be disregarded.

We are of the opinion, therefore, the circuit court properly construed the will of John Wimbush, deceased, and that the decree entered by that court should be affirmed.

*Decree affirmed.*

Mr. CHIEF JUSTICE CARTER, dissenting:

I do not agree with the construction of the will given in the foregoing opinion. In construing wills the true intention of the testator must be sought for and enforced, and to ascertain this intention the whole instrument and all of its parts should be considered. Whenever it can possibly be done, a will should be so construed as to give effect and operation to every word and provision in it. (*Welsch* v. *Belleville Savings Bank,* 94 Ill. 191; *Markillie* v. *Ragland,* 77 id. 98; *Boyd* v. *Strahan,* 36 id. 355.) A later clause of a will, when repugnant to a former provision, will be considered as intended to modify or restrict the former. (*Brownfield* v. *Wilson,* 78 Ill. 467; *Morrison* v. *Schorr,* 197 id. 554.) No particular forms of words are necessary for the creation of trusts, and the words "in trust" are not essential. However, some language, unequivocal in character, is required from which an intention to raise a trust can be attributed to the testator. (*Dee* v. *Dee,* 212 Ill. 338.) The intention must be clear, though the existence of the trust may be inferred from the powers and authority given to the executors or trustees. (Pomeroy's Eq. Jur. secs. 1009, 1011.) Whether a trust has been created in any particular case is a question of interpretation and construction. The most common and important species of trusts by inference is composed of those where the property is given to a devisee or legatee, accompanied by precatory words or phrases,—that is, words or phrases expressing direction, entreaty, confidence, hope, expectation, wish or request, implying the testator's desire that the property should be used for the benefit of a certain designated person or persons or certain purposes. Without question, a trust may be thus imposed upon the subject of a devise, but an intent to create the trust must clearly appear. If the intention be doubtful, precatory words will not be construed as a trust. (Pomeroy's Eq. Jur. sec. 1016; *Giles* v. *Anslow,* 128 Ill. 187, and authorities cited.) Pri-

vate trusts, which concern individuals, must be certain and the individual or individuals must be identified. (Perry on Trusts,—6th ed.—sec. 23.) Courts of equity can carry into effect only such trusts as are of a certain and definite character. Even though the parties are certain, if the terms by which the trust is created are so uncertain or indefinite that its objects cannot be clearly ascertained the trust must fail. (2 Story's Eq. Jur.—13th ed.—sec. 979a.) The words relied upon in this will to create and regulate the trust are vague and indefinite. It is contended that the executrix is to dispose of the property and collect and re-invest the proceeds. But is this process to continue for one year, or during the lifetime of the executrix, or until the children reach a certain age? All the children except one were of age when this litigation was instituted. When and how is final distribution to be made? The courts can not make a will or declare a trust. The intention to be sought for in the interpretation of a will is not that which may have existed in the mind of the testator, but that which he expressed by the language of the will. (*Engelthaler* v. *Engelthaler*, 196 Ill. 230.) Manifestly, the testator did not intend that the distribution should be made at once after his death, because he directed the wife to re-invest the proceeds. When the will contemplates a distribution subsequent to the death of the testator the time must be fixed by the will itself. It cannot be left open, to be determined by the executor or trustee. (*McCartney* v. *Osburn*, 118 Ill. 403.) If the language of the will as to the trust,—either as to the subject matter, the beneficiaries, the nature and quantity of their interest or the manner in which the trust is to be performed,—is so vague, general or equivocal that any one of these necessary elements is left in real uncertainty the trust must fail. (*Orr* v. *Yates*, 209 Ill. 222.) An appointment of the testator's wife as his attorney and executrix, "to take charge of my property after my death, and retain or dispose of the same for the benefit of herself

and children," creates no trust. Beach on Wills, sec. 219, and cases cited.

While the purpose of the testator as expressed in the language of the will is not clear, I am disposed to think, in view of all the language used, that the most reasonable construction is that the testator intended to give each of his children only a two-hundred-dollar legacy; that while he did use the words "trustee" and "trust estates," no such estate was created by the will. His confidence in his wife is shown by his giving her unlimited discretion in the management of the property. Had it been his purpose to create a trust he would have used language sufficient for that purpose. Taking the entire will together, I think the testator intended to give his wife the property, but to impress upon her his wish that it should be used for the benefit of herself and his six children.

There is another reason, moreover, that supports this view as to the construction of the will. Under the first paragraph of the will, considered alone, the conclusion is necessary that by section 13 of our statute on conveyances (Hurd's Stat. 1909, p. 524,) the wife takes a fee simple estate of inheritance in all the lands in this State of which the testator died seized. The only question, then, that can arise in the construction of this will is, does the subsequent language cut down this fee granted by the first clause? It has frequently been stated that if either real or personal property is given absolutely to a legatee or devisee a limitation over is void. In *Wilson* v. *Turner,* 164 Ill. 398, this court, after discussing the authorities at some length, quoted with approval from *Jackson* v. *Robins,* 16 Johns. 587, the following: "We may lay it down as an incontrovertible rule, that where an estate is given to a person generally or indefinitely, with a power of disposition, it carries a fee; and the only exception to the rule is where the testator gives to the first taker an estate for life, only, by certain and express words and annexes to

it a power of disposal." That rule has always been followed. Where the first taker, however, is given an absolute interest the express power to convey by deed is mere surplusage. The power of sale added to such an estate does not increase the estate. (*Williams* v. *Elliott,* 246 Ill. 548.) The courts are disposed to adopt such a construction as will give an estate of inheritance to the first donee. When the fee is devised by a clause or clauses of the will and other portions are relied on as limiting or qualifying the estate thus given, they must show a clear intention on the part of the testator to thus limit or qualify the estate granted or such limitation will be void. The estate is not to be cut down by dubious, vague or ambiguous language following an explicit devise of the fee. (*Bowen* v. *John,* 201 Ill. 292, and cases cited.) While such authors as Gray and Kales criticise the present application of these rules with reference to a gift over after a devise in fee, they agree that the great weight of authority supports them. (Gray on Restraints of Alienation of Property,—2d ed.—secs. 74-74*g*; Kales on Future Interests, secs. 172-176.) The language in this will relied upon to limit the devise in fee to the executrix is not clear and certain. If there be any repugnancy between various parts of the will, in view of the wording of the will it must be held that the clauses alleged to limit the devise in fee are void. The following are a few among many other authorities supporting this conclusion: *Howard* v. *Carusi,* 109 U. S. 725; *Mansfield* v. *Shelton,* 67 Conn. 390; *Law* v. *Douglass,* 107 Iowa, 606; *Killefer* v. *Bassett,* 146 Mich. 1; Beach on Wills, secs. 216-220, and authorities cited.

I can reach no other conclusion, therefore, than that the decree of the circuit court and the opinion of this court construe improperly the will in question.