BENNY REIBOLD *et al.* Plaintiffs in Error, *vs.* JOHN REI-
BOLD *et al.* Defendants in Error.

*Opinion filed October 27, 1915—Rehearing denied Dec. 9, 1915.*

1. DEEDS—*what provision in a will does not render a deed tes-
tamentary in character.* The fact that a will directs that the note
given the testator as consideration for a deed previously made and
delivered shall be paid by the maker, who is also the executor of
the will, by distributing certain sums as specific legacies, does not
render the deed testamentary in character.

2. EQUITY—*what does not authorize a court of equity to retain
jurisdiction to compel an accounting.* If the charges of undue in-
fluence and want of delivery in a bill to set aside a deed are not
established, a court of equity will not retain jurisdiction merely to
require an accounting from one of the defendants as executor of
the grantor's will, since to do so would amount to taking the ad-
ministration of the estate out of the probate court, which, under
the facts alleged in the bill, could grant all the relief asked for.

WRIT OF ERROR to the Circuit Court of St. Clair county;
the Hon. GEORGE A. CROW, Judge, presiding.

R. H. HORNER, and L. N. PERRIN, (R. W. ROPIEQUET,
of counsel,) for plaintiffs in error.

LOUIS P. ZERWECK, for defendant in error John Rei-
bold.

Mr. CHIEF JUSTICE FARMER delivered the opinion of
the court:

This was a bill in chancery filed by plaintiffs in error
for partition of real estate therein described and for set-
ting aside a certain deed as a cloud on title. The bill as
finally amended, in addition to the prayer for partition and
the setting aside the deed as a cloud on the title, also prayed
an accounting against defendant in error John Reibold.

The land originally belonged to Lorenz Reibold, who
died testate December 28, 1910, leaving no widow surviv-
ing him but leaving four children and eight grandchildren,

four of the latter being children of a deceased son and four of them the children of a deceased daughter of Lorenz Reibold. The complainants in the bill were Elizabeth Monkin, a daughter of Lorenz Reibold, and his eight grandchildren. The other three children of the deceased (John Reibold, Amanda Monkin and Caroline Yeager,) were made defendants to the bill. John Reibold was also made a defendant as executor of the will of Lorenz Reibold. The land sought to be partitioned was 216 acres of farm land in St. Clair county, and the bill alleged that each of the children of Lorenz Reibold was the owner of the undivided 4/24ths thereof and each of the grandchildren of 1/24th thereof. The bill alleged defendant in error John Reibold claimed to own the land by virtue of a deed purporting to have been executed by Lorenz Reibold on April 2, 1900, and recorded July 24, 1911, and averred that the deed was procured by undue influence, that it was never delivered in the lifetime of the grantor, that it was not his intention that it should be delivered during his lifetime, and that it was a cloud upon the title of the heirs. At the time the deed was made, and bearing the same date, defendant in error John Reibold executed a note payable to his father, due two years after date, for $7000, secured by a mortgage on the land. The will of Lorenz Reibold was executed April 23, 1900. The second clause of the will recited that the testator had on April 2, 1900, conveyed all his real estate, consisting of 216 acres of land, to his son, John Reibold, for $7000, and that he held his son's note for that amount, secured by a mortgage on the land. The will directed that within two years after testator's death his son pay to testator's other children and grandchildren certain specific sums, aggregating in all $6800; that when said sums were paid the note and mortgage should be considered as paid in full and canceled. His other personal property the testator bequeathed to his children and grandchildren. The theory of the bill was that it required both

the deed and the will to place the title in John Reibold; that the deed, note and mortgage were one instrument and the will the other instrument for that purpose. It alleged that John Reibold took possession by virtue of the will but had failed to make proper settlement with the heirs within the time provided and that he had failed to pay the taxes on the land as required by the mortgage, both of which were conditions precedent, and that by reason of his failure to make such settlements and payments within the time required he had forfeited what interest he might have had in the land under the will and it became intestate property.

John Reibold answered the bill, denying he claimed title by virtue of the will and alleging he acquired title by virtue of the deed from his father to him, denying it was procured by undue influence and alleging the deed was delivered to him by the grantor for the purpose of investing the title in him, and that it did pass the title to the grantee subject to the life estate of the grantor. By the will John Reibold was made executor and qualified as such. Before this proceeding was begun he had paid all of the legacies required to be paid out of the proceeds of the $7000 note, except $150 each to two grandchildren of testator and $250 to another grandchild of testator. The answer alleges he was ready and willing to pay them; that he had notified them of his readiness to do so but they had neglected and refused to accept the same. Caroline Yeager filed a cross-bill, which is not abstracted, except the brief statement that she asked that John Reibold account for interest on the $7000 note after its maturity, at five per cent, and for taxes and rents.

The cause was referred to the master in chancery to take the testimony and report his conclusions of law and fact. The master reported that at the time of the making of the deed by Lorenz Reibold his mind was unimpaired, that there was no evidence offered of undue influence, that the deed to John Reibold was delivered, and that the only

interest his father had in the premises at the time of his death was the mortgage to secure the $7000 note. The master reported that the complainants in the bill were not entitled to the relief prayed and recommended a decree dismissing the bill. The chancellor, after overruling exceptions to the report, entered a decree dismissing the bill for want of equity.

We think the decree is correct. The evidence did not raise a suspicion that the deed was procured through undue influence. The grantee was not present in the notary's office when the deed was executed. It was left with the notary to be delivered to the grantee when he came in the next day and signed the note and mortgage. The evidence showed the deed was delivered pursuant to the grantor's intention to presently pass title to the grantee subject to the life estate in the grantor. Conceding that John Reibold was incompetent to testify to facts occurring before the death of his father, as contended by plaintiffs in error, and that the question was properly preserved, the other evidence abundantly establishes the fact of delivery. The will of Lorenz Reibold recognizes that the testator did not own the land but that he had previously conveyed it to his son, and the will does not pretend to devise the land to John Reibold or to give him any interest therein. It simply provides how the proceeds of the note the testator held as a consideration for the conveyance to John Reibold shall be paid by him, as executor, on specific legacies to testator's children and grandchildren. There is no foundation for the claim of plaintiffs in error that the deed, note, mortgage and will should be considered together, and when so considered it would appear that the deed was in the nature of a testamentary disposition of the land and passed no present interest to the grantee. Under the evidence in this case it could not have been held otherwise than that John Reibold took title to the land by virtue of the deed, and his

title was not affected nor attemped to be affected by the will afterwards made.

Plaintiffs in error insist the chancellor should have at least retained the bill for an accounting. To have done so would have been practically to take the administration of the estate out of the probate court, as that court has jurisdiction to grant all the relief asked on that ground.

The chancellor was right in dismissing the bill and cross-bill for want of equity, and the decree is affirmed.

*Decree affirmed.*