Josephine Cannon, Appellee, v. George M. Garrett et al., Appellants.

Gen. No. 8,532.

Heard in this court at the May term, 1932. Opinion filed October 18, 1932.

MURPHY & KRITZER and E. P. FIELD, for appellants.

CHARLES E. LAUDER and FREDERICK H. LAUDER, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The record in this case is brought before the court for review by George M. Garrett and Robert L. Wray, as executors of the will of Harvey C. Garrett, de-

ceased. The appellants contend that the chancellor erred in holding that they have failed within a reasonable time to sell the real estate of the testator under the testamentary power ordering and directing them to sell it.

It is urged by the appellants that the decree is an unwarranted interference with their discretion to determine the time of the sale; that the appellee agreed to a postponement of the sale and is estopped to assert that there is an unreasonable delay in the sale of the property. The appellee, Josephine Cannon, maintains that the will does not give the executors any discretion to fix the time of the sale beyond a few days after the death of the life tenant; that the evidence tending to show an estoppel was inadmissible under the Statute of Frauds and Perjuries, Cahill's St. ch. 59. There are no provisions in the will of Garrett indicating any intention of the testator as to when the real estate should be sold, excepting those found in the power of sale, which is as follows: "Third: I give, devise and bequeath to my wife Elenor Garrett five shares of stock in the Media State Bank, and the east half of the Northeast Quarter of Section Thirty-six (36) in Township Nine (9) North, Range Four (4) West, in Henderson County, Illinois, for and during her natural life only."
"Fifth: Upon the death of my wife Elenor Garrett, I order and direct my executors hereinafter named to sell and convert the five shares of stock in the Media State Bank, and the E½ NE¼ Sec. 36-9-4, into cash and to divide it equally among my children named in clause fifth of this will, and I hereby empower my said executors to make all necessary deed or deeds of conveyance to convey the said real estate." It is quite plain, as the matter is presented to this court, that the appellee is entitled to a sale of the real estate and a division of the proceeds thereof within such time as is reasonable.

Parties to this appeal are far short of any agreement as to when the property should be sold. The testimony is in strong conflict as to whether the parties hereto agreed that the land should be rented from March 1, 1931 to March 31, 1932; also, whether the appellee in 1930 demanded of the executors that the land be sold. The farm was leased from March 1, 1931 to March 1, 1932. The question of whether appellee consented to the leasing is immaterial, as this suit was not started until after the lease expired. The record was filed in this court on April 13, 1932. It seems a fruitless undertaking to determine whether the alleged agreement was within the statute of frauds, or, indeed, if its existence is proved by any evidence in the record. The question whether the executors were justified in postponing to March 1, 1932, the sale by reason of the tenancy under the lease, has now become an abstract question. A reversal of the decree on either of these questions would be of no advantage to the parties to this appeal. The matter of costs is disposed of by this decision. *Wendell v. City of Peoria,* 274 Ill. 613.

We note that the testator in directing the executors to sell the property in question uses the words "upon the death of my wife Elenor Garrett, I order and direct my executors, etc." Winston, in his Dictionary, defines the word "upon," when used in this manner, as meaning "at the moment of." Webster defines it as "noting time." It is our opinion that the testator, in directing his executors to sell the real estate "upon" the death of his wife, meant that they were to sell it as soon as the necessary preparation and arrangements could be made to properly conduct the sale. If the executors did not sell it after allowing a reasonable time for making such preparation for the sale, then the heirs have the right to petition a court of competent jurisdiction to compel them to comply with the terms of the will. Courts should be careful not to interfere with the discretion vested in executors in car-

rying out the terms of a will. If the time to sell, and the sale of the property, were left to the discretion of the executors, then the court should be most reluctant to interfere with that discretion.

We are of the opinion that in this case the court did not err in ordering the executors to sell the real estate in question.

Appellee objects to the decree because it directs her either to return or pay for hedge posts and wood, valued at $20, taken by her from the land in question. She testified that she would make no objection if the court ordered her to return the material. The decree in this respect was correct. The decree ordered the costs of the suit paid out of the proceeds of the sale. There is nothing before us to show that this was an abuse of discretion by the chancellor. *Comstock v. Redmond,* 252 Ill. 522; *First Nat. Bank of Chrisman v. Watson,* 277 Ill. 186.

The decree should have directed the executors to proceed to sell the real estate and make report to the court of the sale, with the necessary expenses thereof, so that the court may be apprised of their compliance with the decree. After the report of the sale the net proceeds of the sale should be ordered to be paid to the executors of the last will and testament of Harvey C. Garrett, deceased, for the administration in the county court of Henderson county. *Martin v. McCune,* 318 Ill. 585; *Goodman v. Kopperl,* 169 Ill. 136; *Reibold v. Reibold,* 270 Ill. 136.

The decree of the circuit court of Henderson county is affirmed, excepting so much thereof as remands the case with the mandatory directions to the county court of Henderson county. Each party to this appeal will pay his own costs of this appeal. The case is remanded to the circuit court of Henderson county with directions to modify the decree as herein directed.

*Reversed and remanded with directions.*