(No. 28431.—

MORRIS A. GOLSTEIN, Appellant, *vs.* ANNE GOLSTEIN HANDLEY *et al.,* Appellees.

*Opinion filed March 21, 1945.*

TELLER, LEVIT & SILVERTRUST, (LEON SILVERTRUST, and H. J. GOLDBERGER, of counsel,) all of Chicago, for appellant.

DAVID F. SILVERZWEIG, of Chicago, for appellees.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal by Morris A. Golstein from a decree. of the superior court of Cook county, construing certain provisions of the last will and testament of Peretz A. Golstein, deceased. The suit was filed by appellant, who is named as a legatee in the will. He is also one of four executors named in the will. The will was duly admitted to probate by the probate court of Cook county. Appellant, Morris A. Golstein, together with Sam A. Golstein, Sima Golstein and Anne Golstein Handley, were named in the will as executors, and were appointed as such by the probate court. This suit involves the construction of paragraphs four, five, six, seven and eight of said will. The testator, after directing the payment of his debts and funeral expenses by the first paragraph of his will, and after making certain specific bequests by the second and third paragraphs thereof, provided as follows:

"Fourth: Balance to be divided as follows:

25% to Sister, Sima Golstein
10% to Sister, Mrs. Clara Fishman
15% to Sister, Mrs. Anne Golstein Handley
25% to Brother, Morris A. Golstein
10% to Brother, Sam A. Golstein
5% to Nephew, Edward Fishman
5% to Nephew, Joseph Fishman
5% to all Nephews, Nieces, Second Nephews and Second Nieces, except Edward and Joseph Fishman.

"Fifth: the 10% specified above, for sister, Clara Fishman, should be placed in trust and be paid to her in the sum of One Hundred Fifty ($150.00) Dollars per month. After her death it should be divided between Joseph and Edward Fishman, but should not be given to them until they reach the age of 27.

"Sixth: The 25% specified above, for brother Morris A. Golstein, should also be placed in trust and be paid to him in the sum of Two Hundred ($200.00) Dollars per month.

"Seventh: The 10% specified above, for brother Sam A. Golstein, should also be placed in trust and paid to him in the sum of One Hundred Twenty-five ($125.00) Dollars per month.

"Eighth: The 5% specified above, for each Edward and Joseph Fishman shall be paid as follows: "One-half of amount to be paid to each at once, and the second half to be paid to each five (5) years later."

The trial court, by its decree, construed those paragraphs of the will to mean that the testator intended to place in trust the 10 per cent of his residuary estate given Clara Fishman in paragraph four, the 25 per cent given by that paragraph to Morris A. Golstein, the 10 per cent given by that paragraph to Sam A. Golstein, and the 5 per cent each, given by that paragraph to his nephews, Edward and Joseph Fishman. By the decree, the court appointed a trustee for the purpose of carrying out and administering the trust, and prescribed the powers and duties of the trustee so appointed.

It is contended by appellant that the interests in the estate given to appellant, Morris A. Golstein, and Clara Fishman, Sam A. Golstein and Edward and Joseph Fishman, by the fourth paragraph of the will, were outright gifts; that the attempt by the testator, by the fifth, sixth, seventh and eighth paragraphs to cut down or limit those gifts, is repugnant to the estates granted by the fourth paragraph. He contends that the fifth, sixth, seventh and eighth paragraphs are void and should be disregarded as repugnant to the fourth paragraph and an attempt to impose a limitation upon the alleged absolute estates given by the fourth paragraph.

While the will is inartifically drawn and is written in the language of a layman, we think its meaning is clear. The construction of those paragraphs, in our opinion, does not present any serious or difficult questions. The rule that the purpose of construing a will is to ascertain and, if possible, give effect to the intention of the testator, is too well settled and too well known to require the citation of authorities. In the interpretation of a particular provision of a will, the law authorizes and requires a consideration of the whole will, and the testator's intention must be arrived at from a consideration of all the language used in whatever part of the will such language is found. (*Bender* v. *Bender*, 292 Ill. 358; *Meins* v. *Meins*, 288 Ill.

463.) Where the language used in a will, standing alone, is sufficient to create an outright gift or an absolute estate, still if it appears from the entire will that it was the intention of the testator to impose a limitation upon the estate, that intention will be given effect. (*In re Estate of Fahnestock,* 384 Ill. 26; *Scott* v. *Crumbaugh,* 383 Ill. 144; *Tripp* v. *Krauth,* 340 Ill. 11; *Knight* v. *Gregory,* 333 Ill. 643; *Gahan* v. *Golden,* 330 Ill. 624.) In the construction of a will, no applicable language contained in the instrument can be ignored, regardless of the position in the will where such language may be found. *Keiser* v. *Jensen,* 373 Ill. 184.

In *Wimbush* v. *Wimbush,* 253 Ill. 407, the will first gave to the testator's widow all of his property, estate and effects, real, personal or mixed, of whatsoever kind, character or description and wheresoever situated, as an absolute estate, and with no conditions or limitations whatever. This provision was followed by a paragraph placing the property in trust for the purpose therein designated. In the construction of that will, we said: "It is clear from the first paragraph of the will of John Wimbush, deceased, hereinbefore set out, that Jane M. Wimbush would take the entire estate of John Wimbush, real, personal and mixed and wheresoever situated, if that paragraph of the will were not limited or controlled by the succeeding paragraph of the will. When, however, the two paragraphs are read together, it is clear Jane M. Wimbush is not given the entire estate but that she takes the same as trustee. The law is well settled that in construing a will all the provisions of the will must be taken into consideration. If, therefore, the contention of the appellants be sustained and it be held that Jane M. Wimbush takes the entire estate, this well settled rule of construction must be disregarded, as to reach such conclusion the second paragraph of the will must be entirely eliminated from the will." This rule is equally well settled and clearly stated in numerous other decisions of this court.

In the case of *In re Estate of Fahnestock,* 384 Ill. 26, we said: "If, from the language contained within the four corners of the will, it clearly appears to have been the testator's intention to impose a limitation upon the estate first given, that intention will be given effect." The same rule is announced in *Tripp* v. *Krauth,* 340 Ill. 11; *Knight* v. *Gregory,* 333 Ill. 643; *Gahan* v. *Golden,* 330 Ill. 624, and numerous other cases. In construing wills, the sole object of the inquiry is to ascertain the intention of the testator and every part of the instrument will be scrutinized in order to discover that intention. *Grubmeyer* v. *Mueller,* 385 Ill. 529.

Applying the above rules of construction to the will in question, even if it could be held that the language of the fourth paragraph, standing alone, was sufficient to create an absolute gift, that paragraph must be read together with paragraphs five, six, seven and eight, and all must be construed together. As a matter of fact, however, paragraph four does not contain language constituting an outright gift. All that paragraph does is to direct a division of the testator's property into designated shares among named beneficiaries. The manner and time of the distribution is provided for in paragraphs five, six, seven and eight. Those paragraphs are in nowise in conflict with, or repugnant to, paragraph four. Neither are those paragraphs void as an unlawful restraint on alienation. The rule against restraints on alienation does not apply to testamentary trusts. The cases cited and relied upon by appellant, such as *Randolph* v. *Wilkinson,* 294 Ill. 508, *McNamara* v. *McNamara,* 293 Ill. 54, and *Davis* v. *Hutchinson,* 282 Ill. 523, are cases in which no trusts were involved, and are not in point.

The chancellor correctly held that paragraph four must be construed with paragraphs five, six, seven and eight, in order to ascertain the intention of the testator. Any other construction would disregard entirely paragraphs five, six, seven and eight. This would violate all settled rules

of construction announced by this court over a long period of years. When paragraphs four, five, six, seven and eight are construed together, the intention of the testator is clearly expressed.

It is argued by appellant that the fifth, sixth and seventh paragraphs are not legally sufficient to create a trust. It is not necessary to the validity of a trust that every element necessary to constitute it must be so clearly expressed in detail in the instrument creating it that nothing can be left to inference or implication. No particular form or words are necessary, but wherever an intention to create a trust can be fairly collected from the language of the instrument and the terms employed, such intention will be supported by the courts. (*Orr* v. *Yates*, 209 Ill. 222; *Hagan* v. *Varney*, 147 Ill. 281.) In *Orr* v. *Yates*, 209 Ill. 222, we said: "Conceding that the trust provisions of this will are not altogether explicit and absolutely certain, yet these uncertainties are such as a court of equity will aid by construction, and not such as will defeat the intention of the testator * * *."

By the will here in question, the subject matter of the trust is clearly expressed. The beneficiaries of each share are named. The nature and quantity of the interests are certain. Each of the beneficiaries named in the fifth, sixth, seventh and eighth paragraphs is given an interest which vested upon the death of the testator. The interest of Morris A. Golstein under the sixth paragraph, and the interest of Sam A. Golstein under the seventh paragraph, are the entire beneficial interests of their respective shares. The interest of Clara Fishman under the fifth paragraph is the entire beneficial interest, subject only to the condition that if her share is not exhausted at the time of her death, the remainder goes in equal shares to her sons, Edward and Joseph Fishman, to be paid to them when they reach the age of twenty-seven years. The interests of Edward and Joseph Fishman, under the eighth paragraph of the

will, are the entire beneficial interest, payable one-half at once, and the remainder at the end of five years. The manner and method in which the trust is to be performed is specifically provided for in paragraphs five, six and seven of the will,—the payment of specified sums to the various beneficiaries monthly. By paragraph eight, one half is to be distributed at once and the remaining one-half at the end of five years. As to the investment of the trust property, this is controlled by section 1 of "An Act concerning powers of trustees." (Ill. Rev. Stat. 1943, chap. 148, par. 32.) It is true the testator here did not name a trustee. But it is elementary that courts of equity will not permit a trust to fail because no trustee is designated. In such cases, the court will appoint a trustee for the purpose of carrying out the trust. *Olson* v. *Larson,* 320 Ill. 50; *Churchill* v. *Marr,* 300 Ill. 302.

No particular form of words or language is necessary in a gift of property to create a trust. It is sufficient, particularly in the case of wills, that such intention is apparent from the whole will when considered in all its parts, under the circumstances of the particular case. (*McCartney* v. *Jacobs,* 288 Ill. 568; *Sheley* v. *Sheley,* 272 Ill. 95; *Comstock* v. *Redmond,* 252 Ill. 522; *Jones* v. *Jones,* 124 Ill. 254.) In our opinion the will contained all the requirements for the creation of a trust and must be so construed.

Appellant also complains of the amount of fees fixed by the court to be paid from the trust estate to his attorneys. Appellant's attorneys asked for fees in a minimum amount of $5500. The court allowed $1500 for the attorneys for the appellant, and $1500 for the attorney representing appellees. The amount to be allowed for attorneys' fees is so far in the discretion of the chancellor that in the absence of a clear abuse of that discretion, this court will not interfere. It has been the rule in this State for many years that the courts are not bound by the opinions of attorneys as to what constitutes reasonable attorneys' fees.

126

The courts are responsible to litigants for the use of their own knowledge of the value of services rendered, and should and will take into consideration such knowledge. (*In re Sanitary District Attorneys*, 351 Ill. 206.) In our opinion, the court was extremely liberal in the allowance of attorneys' fees, and its action in so doing will not be disturbed.

It is finally contended by appellant that the court erred in directing that the costs and attorneys' fees allowed be paid out of the trust estates in proportion to the size of each. His contention is that such expenses should have been taxed to the estate generally, and not to the trust estates only. With this contention, we do not agree. The only estate or property involved in this suit was the trust estates. The rule is that such expenses should be borne by the fund or property involved. (*Strickland* v. *Strickland*, 271 Ill. 614.) The court did not err in the allowance of attorneys' fees, or in the method decreed for the payment of same.

The decree of the superior court of Cook county is, in all respects, affirmed.

*Decree affirmed.*