Patrick F. Curtis *et al.* Appellees, *vs.* Sol. Rubin *et al.* Appellants.

*Opinion filed February 16, 1910.*

1. Real property—*restrictions upon the use of property are in the nature of an easement.* Restrictions upon the use of property, which are imposed as a part of a general plan for the benefit of the several lots, give the purchasers a right in the nature of an easement, which will be enforced in equity, upon equitable principles, against the grantee of a lot; but such restrictions are not favored in law, and doubts are, in general, resolved against them.

2. Same—*equity will not enjoin breach of building restriction abandoned or waived.* A court of equity will enjoin the breach of a building restriction where the intention is clearly manifested and the enforcement is necessary for the protection of substantial rights, but equity will not enjoin the breach of such a restriction if the original plan has been abandoned or the right waived.

3. Same—*what constitutes a breach of a building line restriction.* Swell fronts or "bays," which extend over the established building line and which run up the whole height of the building, from the basement to the roof, and are on a continuous foundation with the building, with continuous walls of the same material, are substantial parts of the building and their erection is a breach of the building line restriction.

4. Same—*when court of equity is not justified in establishing new building line.* The fact that part of the lot owners in a block, in violating a building line restriction, have erected their buildings in a uniform and symmetrical manner does not authorize a court of equity, at their instance and against the will of any other

lot owner, to establish a new building line which will conform to
their buildings.

5. INJUNCTION—*parties who violate a building line cannot en-
join violation by others.* Lot owners who violate a building line
restriction to suit their own desires and convenience cannot en-
join a violation of such restriction by another lot owner upon the
ground that he is violating such restriction to a greater extent
than they did.

APPEAL from the Superior Court of Cook county; the
Hon. MARCUS KAVANAGH, Judge, presiding.

EDMUND S. CARR, and HELMER, MOULTON & WHIT-
MAN, for appellants:

Limitations and restrictions upon the use of property
are not favored, and all doubts, as a general rule, are to
be resolved in favor of a free use of property and against
restrictions. *Hays* v. *St. Paul Church,* 196 Ill. 633; *Eck-
hart* v. *Irons,* 128 id. 568; *Hutchinson* v. *Ulrich,* 145 id.
336; *Ewertsen* v. *Gerstenberg,* 186 id. 344.

PEASE, SMIETANKA & POLKEY, for appellees:

The subdivision of this property and the filing of a
plat prescribing a building line fifteen feet from the street
created an easement of unobstructed light, air and vision
for the benefit of the public and for the benefit of prop-
erty owners in that block and throughout said subdivision.
*Simpson* v. *Mikkelsen,* 196 Ill. 575; *Ewertsen* v. *Gersten-
berg,* 186 id. 344.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

The appellees, who are owners of lots in blocks 8 and
9 in Twelfth street addition to Chicago, filed the bill in
this case in the superior court of Cook county against the
appellants, who are the owners of lot 1 in block 9, to en-
join an encroachment beyond an alleged building line des-

ignated on the plat of the addition fifteen feet south of the street line. The defendants did not dispute the original creation of the building line by the making and recording of the plat of the addition, but by their answer they denied that it had been observed by the lot owners, and alleged that it had been abrogated and annulled as to the western part of blocks 8 and 9 by a re-subdivision made by the original owner, and had been violated as to the remainder by the complainants, and the lot owners generally, erecting buildings extending beyond the line. The court heard the evidence of the parties and entered a decree finding that a building line was established fifteen feet back from the street line; that the complainants, with one exception, had constructed their buildings over and beyond the building line varying distances from three to four feet, but that they had recognized the building line and preserved a symmetrical and uniform line of their buildings. The decree established a new building line eleven feet from the street line and four feet north of the original building line, and enjoined the defendants from erecting a building extending beyond such new line and ordered them to remove that portion of their building extending more than four feet north of the original line.

The material facts are as follows: In 1887 a number of persons who were owners in severalty of adjoining parcels of land in the city of Chicago platted the same under the name of "Twelfth Street Addition to Chicago." The addition was bounded on the south by Twelfth street, on the north by the Chicago Great Western railroad, on the east by the center line of Kedzie avenue and on the west by the center line of Central Park avenue. The addition contained four tiers of blocks from east to west, divided by Spaulding, Homan and St. Louis avenues, and there were three tiers of blocks from north to south, separated by Filmore and Grenshaw streets, which ran east and west. Grenshaw street was the next street north of and

parallel to Twelfth street and all the lots along Grenshaw street fronted upon it, except a tier at each end fronting on Kedzie and Central Park avenues and tiers of lots fronting on Homan avenue.  Drawn through the lots which fronted on Grenshaw street there was a building line fifteen feet from the street.  Block 9 was on the south side of Grenshaw street, between Homan and St. Louis avenues, and block 8 was on the north side.  In 1891 Arba N. Waterman, the original owner, who joined in the plat, made a re-subdivision of lots 19 to 24 on the west end of block 8 and lots 13 to 18 on the west end of block 9, with other lots on the west side of St. Louis avenue.  By this re-subdivision the lots were cut east and west so as to front on St. Louis avenue instead of on Grenshaw street, but lot 13 was re-numbered, without substantial change, as lot 6 and left fronting on Grenshaw street.  On this re-subdivision no building line was marked, so that the existing building line was abrogated as to the west ends of the blocks, but lots 1 to 12 in block 9, and lots opposite to them in block 8, were left with the building line existing. The defendants own lot No. 1 in block 9, fronting north on Grenshaw street and separated by an alley from the rear end of the lots in that block fronting east on Homan avenue, where there is no building line.  Lots 2, 3, 4, 7, 9 and 10 in that block were improved some years ago with substantial brick and stone residence buildings, with projecting or swell fronts, or "bays," as the witnesses call them, constituting substantial parts of the building, with continuous walls of the same material, on like foundations, extending from the basement to the roofs, and extending over the building line from three feet three and three-quarters inches to four feet one and one-half inches.  The corners of the buildings, aside from these fronts, are slightly over the line and the projections are in the usual form of bays, except on the lot next to defendants' lot, where the projection is at right angles with the main part

of the building. The bays are not different in construction from the other parts of the houses. The owners of these buildings, with the exception of the owner of lot 4, were complainants, and there were other complainants who were owners of buildings on the opposite side of the street, in block 8. The buildings of all the complainants, with the exception of one, were over the line from three to four feet, and that one was on the north side of the street. On lot 13, which was re-numbered 6 in the re-subdivision with the building line omitted, a building was erected twelve years ago within six feet four and one-half inches of the street. The bill was filed on June 17, 1909, and foundations had been put in and a portion of the walls erected of brick and stone buildings on lots 11 and 12, the fronts of which were within six feet seven and one-half inches of the street line, and two days after the bill was filed the walls were four or five feet above the ground. No protest or objection appears to have been made to these buildings. There was no building line at either end of the block, and none of the houses in block 9 were set back to the building line where one existed. The defendants commenced the erection of a building on their lot extending to the street line, and when the walls were one or two feet high one of the property owners protested, but the erection of the building was continued, and about a week later the bill was filed. The building was not intended for a residence but was for some business purpose.

Restrictions upon the use of property such as the one created by the original plat in this case, which are imposed as a part of a general plan for the benefit of the several lots, give to the purchasers a right in the nature of an easement, which will be enforced in equity and upon equitable principles against the grantee of a lot. (*Hutchinson* v. *Ulrich,* 145 Ill. 336; *Frye* v. *Partridge,* 82 id. 267; *Evans* v. *Faust,* 194 Mass. 513; 11 Am. & Eng. Ann. Cas. 171; 5 Am. & Eng. Ency. of Law,—2d ed.—p. 9.) Such

restrictions which interfere with the free use of property are not favored in the law, and doubts are, in general, resolved against them. (*Hutchinson* v. *Ulrich, supra; Eckhart* v. *Irons,* 128 Ill. 568.) They will be enforced where the intention is clearly manifested and the enforcement is necessary for the protection of substantial rights, but equity will not enjoin a breach of a restriction or condition if the original plan has been abandoned or the right waived. (*Ewertsen* v. *Gerstenberg,* 186 Ill. 344.) It is conceded that the re-subdivision by Judge Waterman destroyed the building line as to the west part of block 9, which was a change of the original plan, but a substantial portion remained, which a court of equity might protect at the instance of any lot owner entitled to enforce the restriction, and the fact that the building upon lot 13, renumbered as lot 6, came within six feet four and one-half inches of the street line would not prevent a court of equity from enforcing the restriction as to lots 1 to 12. There was, however, no observance of the building line by the complainants or other owners of the lots. The bays, which extended into the reserved space over the building line and ran up the whole height of the houses on the same foundations and with the same walls, were violations of the restriction. (*Linzee* v. *Mixer,* 101 Mass. 512; 5 Am. & Eng. Ency. of Law,—2d ed.—p. 7.) The bill prayed for an injunction against the erection of the defendants' building nearer than fifteen feet to the street line, but it was clearly proved, and is not disputed, that the original line was abandoned and the restriction disregarded by all the complainants except one on the opposite side of the street, who made no protest or objection to what was done by the others. The court established a new line eleven feet from the street line, based on a finding of the fact that the row of buildings was uniform and symmetrical although not on the line, but if the building line had been abandoned and the restriction created by the

plat no longer existed, the fact that the owners had erected their buildings in a uniform and symmetrical manner would not authorize the court to create the building line against the will of any lot owner. It appears there were two buildings going up on lots 11 and 12 at the same time as the defendants' building and extending within six feet seven and one-half inches of the street line, which was more than four feet outside of the line established by the court, and it does not appear that the owners of those buildings were interfered with. In the case of *Ewertsen* v. *Gerstenberg, supra,* the building line was thirty feet back from the street line and many of the buildings had their fronts on the building line, but there was no uniform observance of it by the property owners, and inasmuch as the complainants, who were the owners of vacant lots and had not themselves violated the restriction, had not protested or objected, they were denied relief. In this case complainants who had themselves disregarded the building line were asking a court of equity to enforce the restriction. Unquestionably if they had observed the line themselves and not assented to its violation by others, equity would have protected their rights, but they disregarded the building line to the extent that it suited their desires or convenience to do so, and the only question between them and the defendants related to the extent or degree to which the restriction could be ignored. We do not think that the complainants who had disregarded the restriction and abandoned the building line created by the plat could be heard to object that the defendants were violating the condition to a greater extent than they were.

The decree is reversed and the cause remanded, with directions to dismiss the bill for want of equity.

*Reversed and remanded, with directions.*