(No. 11681.—Decree affirmed.)
JOSEPH DAVIS *et al.* Plaintiffs in Error, *vs.* GEORGE W. HUTCHINSON *et al.* Defendants in Error.

*Opinion filed February 20, 1918.*

1. WILLS—*limitation on alienation after devise in fee simple is void.* A general restraint on the power of alienation, when incorporated in a will otherwise conveying a fee simple, is void as against public policy, although the testator expressly provides that in case of alienation the devise shall be void and the property shall descend to his heirs-at-law.

2. SAME—*the testator's intention will be enforced only when consistent with established rules of law.* The primary rule in construing wills is to ascertain the intention of the testator from a consideration of the whole will, but such intention will be enforced only when consistent with established rules of law.

WRIT OF ERROR to the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding.

ALMON H. LINN, (CHARLES R. WHITMAN, of counsel,) for plaintiffs in error.

HAND & MELIN, for defendants in error.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is a bill for the partition of two tracts of farm land, of 140 acres and 16 acres, respectively, situated in Henry county. After the pleadings were settled a hearing

was had before the chancellor and the amended bill was dismissed for want of equity. This writ of error is sued out to review the proceedings of the trial court.

The principal question raised for decision is the construction that should be given to the will of William Davis, who died in 1895, seized of said land. The will was duly probated in the county court of Henry county. The first clause directs. the payment of all just debts and funeral expenses. The second clause, which is the one in dispute, reads as follows:

"*Second*—I hereby give, devise and bequeath to my adopted daughter, (who now resides with us,) Bertha Davis, 140 acres of land, being all of the land I now hold on section ten (10), in Andover township, in the said county of Henry and State of Illinois, and also the homestead where I·now live, together with the 16 acres of land on which the same is situated, the same being on section 12, in said township of Andover, in the county of Henry and State of Illinois, to have and to hold as her own, absolutely, upon the following conditions, namely: That she shall not sell nor attempt to sell, mortgage nor attempt to mortgage, any of said lands or tenements nor any part thereof, and upon her selling or mortgaging, or attempting to sell or mortgage, said premises, or any part thereof, then this devise to become inoperative and void and said lands and tenements above mentioned shall descend to my heirs-at-law."

The third clause devises 160 acres of land in Kansas. The fourth clause gives all the residue and remainder of the testator's property, real and personal, to his ·wife, absolutely, and the fifth clause names his wife as executrix.

At the death of William Davis said Bertha Davis, his adopted daughter, went into possession of the real estate under the second clause of the will. She afterwards married a man named Elliott. She remained in possession until she deeded the two·tracts away. The possession has at all times since the death of Davis remained in the adopted daughter,

Bertha, or those who have claimed successively as grantees under deeds from her or her grantees, and it is now in possession of two of said grantees. In 1909 Bertha and her husband, George Elliott, mortgaged the 140-acre tract for $7000. She deeded that tract away in 1913 and deeded the 16-acre tract away in 1910. Counsel for plaintiffs in error insist that because of this mortgage and the deeds conveying this property, executed by Bertha Davis Elliott and her husband, the devise to her, under the second clause of the will, became inoperative and void, and that the land descended thereunder to the testator's heirs-at-law, who, they contend, are those persons who under the statutes of this State would take the land if it were intestate property.

William Davis did not leave any children or descendants of children, but left a wife, Mary Ann Davis, two sisters and two brothers. Mary Ann Davis afterwards married Andrew P. Fragd, and has since departed this life testate, leaving her husband and various collateral heirs. Fragd has also died testate, leaving children. Some of the brothers and sisters of William Davis, or their descendants, have quitclaimed to the present owners or to those under whom they claim. Most of the plaintiffs in error are heirs of Mary Ann Davis.

It is argued in the brief of counsel for plaintiffs in error that the real estate in question is now owned by the parties who, by reason of the various lines of descent, wills and deeds, would own any real estate of which William Davis died seized if it had descended as intestate property. Defendants in error, on the other hand, contend that the restraint against selling or mortgaging said property contained in clause 2 of the will is void, and that Bertha Davis Elliott took the two tracts of land, under said second clause, absolutely, in fee simple; that her mortgage and deeds were valid, and that plaintiffs in error have no interest in said lands and are not entitled to bring suit for partition of the premises.

It is clear that under the first part of the second clause the testator gave to his adopted daughter the real estate in question in fee simple absolute, and then attempted by the subsequent provisions of said clause to limit the estate as to her right to sell or mortgage the property. A condition or a conditional limitation on alienation as to a fee simple estate "generally is void. This is now past dispute." (Gray on Restraints on Alienation,—2d ed.—sec. 13, p. 8.) This court has said that a person cannot make an absolute gift or other disposition of property, particularly an estate in fee, "and yet at the same time impose such restrictions and limitations upon its use and enjoyment as to defeat the object of the gift itself, for that would be, in effect, to give and not to give, in the same breath." (*Steib* v. *Whitehead,* 111 Ill. 247.) It has been the settled rule in this State in the construction of wills, that if a testator makes an absolute gift of property he cannot by another portion of his will restrict the free use or right to dispose of such gift. *Jenne* v. *Jenne,* 271 Ill. 526, and cases there cited.

Counsel for plaintiffs in error argue at some length, with numerous citations of authorities, that the first and great rule in the interpretation of wills is to ascertain the intention of the testator, (*Winter* v. *Dibble,* 251 Ill. 200; *Wardner* v. *Baptist Memorial Board,* 232 id. 606; *Bradsby* v. *Wallace,* 202 id. 239;) and that the intention of the testator in this will was according to their contention. There can be no doubt that to ascertain the intention of the testator by the construction of the entire instrument is the chief, if not the sole, object in construing wills, but there is a limitation to this rule that such intention will only be enforced if consistent with established rules of law. A provision against the alienation of property after granting a fee violates a long established rule of law. In *Little* v. *Bowman,* 276 Ill. 125, in discussing this question this court said (p. 130) : "Thus far he gave clear expression to an intention not repugnant to any rule of law. He then attempted

by the next clause to limit or qualify in some way the fee simple estate so devised and in one particular violated a rule of law, which made that provision invalid. This was the attempt to restrain his daughter Blanche from alienating the interest given to her, (whatever the interest might be,) and that provision was repugnant to the estate granted and void. (*Henderson* v. *Harness,* 176 Ill. 302; *Hunt* v. *Hawes,* 181 id. 343.) Such an attempted restraint on alienation is uniformly rejected and the devise sustained." While other reasons are sometimes given for the rule that any restriction against alienation after granting a fee simple estate is void, the better reason undoubtedly is that such restraints are void as against public policy. (*Morse* v. *Blood,* 68 Minn. 442; 24 Am. & Eng. Ency. of Law,—2d ed.—865.) "In truth, the rule seems not to allow nor call for any reason except public policy." (Gray on Restraint on Alienation, sec. 21.)

Counsel for plaintiffs in error argue that the provision of the will here in question differs from many of the cases as to the limitation being void because in this will there is a provision plainly expressed by cessor in that part of the clause which reads, "then this devise to become inoperative and void." In *Walker* v. *Shepard,* 210 Ill. 100, the deed provided (p. 111) "that upon the sale of said lands, or attempt to sell the same, it shall be forfeited and revert back and become a part of my estate," yet this court held in that case that the restriction was void. In *Jenne* v. *Jenne, supra,* the will provided, "then my entire estate, or any part thereof that may be yet obtained, shall be given to the legal heirs of my three half sisters, now residing in Germany." The court there held this restriction invalid. In *Potter* v. *Couch,* 141 U. S. 296, the court construed an Illinois will which provided among other things: "It is my will that if either of the devisees or legatees named in my will shall in any way or manner cease to be personally entitled to the legacy or devise made by me for his or her benefit, the share intended for such devisee or legatee shall go to his or her

children in the same manner as if such child or children had actually inherited the same, and in the event of such person or persons having no children, then to my daughter and her heirs." The court, in construing the will, said (p. 315): "But the right of alienation is an inherent and inseparable quality of an estate in fee simple. In a devise of land in fee simple, therefore, a condition against all alienation is void because repugnant to the estate devised." (See, also, to the same effect, *Manierre* v. *Welling,* Ann. Cas. 1912C, (R. I.) 1311; *In re Machu,* L. R. 21 Ch. Div. 838; *In re Dugdale,* L. R. 38 Ch. Div. 176.) Some few decisions have held that while conditions against alienation attached to a fee simple were void, they were good as a conditional limitation over upon alienation. "But in a question depending upon public policy, the technical form of putting an end to a fee simple upon alienation must be immaterial. No such distinction is recognized in the decisions. The following were all cases of conditional limitations,— that is, of gifts over upon alienation,—and not of conditions." Gray on Restraints on Alienation, (2d ed.) sec. 29*a,* citing numerous authorities, including some cited above.

Counsel for plaintiffs in error further argue that even conceding that restrictions upon alienation of estates granted in fee simple are void, yet under the reasoning in 24 Am. & Eng. Ency. of Law, (2d ed.) 864, that "provisions in wills and conveyances creating base or determinable fees shall be carefully distinguished from provisions which attempt to restrain alienation of estates in fee simple," this second clause should be considered to devise a base or determinable fee instead of a fee simple estate with a restriction upon alienation. Counsel rely, also, upon the reasoning in Schouler on Wills, (vol. 1, 5th ed. p. 798,) where the author says: "Conceding that a restraint upon alienation is *per se* repugnant to an estate in fee or absolute gift of any kind, it does not follow that such a condition must always be rejected as repugnant, for the context may show that

this restriction or qualification was of the very essence of the devise or bequest, and that no fee, no absolute gift, was contemplated at all, but a qualified gift, obnoxious in no respect to the law of public policy." We do not think the doctrine of these two authorities can be applied here. The will so clearly devised a fee simple estate to the adopted daughter and then attempted a restraint upon alienation that the rule as to such restraints being void must be applied and enforced. A general restraint on the power of alienation, when incorporated in a will or deed otherwise conveying a fee simple right to the property, must be held void, not only under the decisions of this court but by the great weight of authority in all jurisdictions.

Numerous authorities have been cited by counsel for both parties to this litigation. We have not attempted to refer to all of them but only to those deemed most nearly in point. It is impossible by any method of construction or reasoning to distinguish the wording of this will, on principle, from the wording and construction of the instruments construed in the decisions heretofore cited from this State, where it has been held that the will or deed conveyed a fee simple absolute and then added a condition or conditional limitation in restraint of alienation, and this court has invariably held such restraint on alienation invalid. The trial court rightly construed such restriction here to be invalid. This being so, it is unnecessary to decide the other questions raised in the briefs, including the question whether, under the last portion of the second clause, the wife is included in the phrase "shall descend to my heirs-at-law;" also whether complainants in the trial court were entitled to bring a partition proceeding until they had made an entry on the land, because of the claimed forfeiture.

The decree of the circuit court will be affirmed.

*Decree affirmed.*