(No. 14456.—Decree affirmed.)
GEORGE CHESTER McFADDEN, Appellee, *vs.* BENJAMIN L. McFADDEN, Appellant.

*Opinion filed April 19, 1922.*

DEEDS—*restraint on alienation, although for a limited time, is void.* A restraint upon alienation, although for a limited time, is repugnant to a grant of a fee simple and is void as against public policy, and where a father conveys property by warranty deed to his son, reserving to himself a life estate, a provision that the property shall not be conveyed or mortgaged or in any way disposed of by the grantee for twenty years after the grantor's death is void.

APPEAL from the Circuit Court of Mason county; the Hon. GUY R. WILLIAMS, Judge, presiding.

EDMUND P. NISCHWITZ, for appellant.

NORTRUP, NORTRUP & HAYES, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill filed in the circuit court of Mason county asking for the specific performance of a contract entered into between appellee and appellant with reference to cer-

tain real estate in said county. On a hearing in the circuit court the prayer of the bill was granted and a decree entered requiring the specific performance of the contract. An appeal was taken from that decree to this court.

In January, 1907, Henry A. McFadden, then a widower, the father of appellee, George Chester McFadden, conveyed to the appellee by warranty deed certain farm lands and also an undivided one-half interest in certain city property in the city of Havana, Mason county, Illinois. The deed contains the following clause: "My said son to have and to hold all the aforesaid real estate in fee simple, but I reserve and retain the full use and benefits thereof for and during my life. * * * But said lands and lots are hereby conveyed and to be held on this express condition: that my said son after my decease shall have the possession and all the rents, issues and profits thereof, but that within the period of twenty years after my decease he shall not convey, mortgage or in any way dispose of or part with the same, except to lease it to tenants for the rents, issues and profits before mentioned." The grantor in said deed died in 1916, being at that time seized and possessed as owner, in fee simple, of the undivided one-half of the parcel of land in Havana. He also left him surviving a widow, Anna A. C. McFadden, (apparently he had re-married,) and as his only heirs-at-law his three sons, the appellee, George C., the appellant, Benjamin L., and Bruce H. The same month in which the grantor died his widow conveyed by quit-claim deed to the three sons all her interest in any real estate, wherever situated, owned by her former husband at the time of his death. In March, 1917, Benjamin L. and Bruce H. McFadden, with their respective wives, conveyed to the appellee all their interest in the lot involved in this suit. It appears that thereafter appellee and appellant entered into a written contract respecting the sale of the lot by George to his brother Benjamin. The contract gave the terms and conditions upon which the sale was to

be made, and provided that in the event of default on the part of either party to the contract the other party should have his remedy by way of specific performance. After all the provisions of the contract had been complied with by appellee, appellant refused to accept the deed from appellee on the ground that appellee could not convey a merchantable title because of the provision above quoted, contained in the deed conveying the half interest in the lot from Henry A. McFadden to his son George. On a general and special demurrer filed to the bill of complaint, setting out substantially the facts as heretofore stated, and a hearing on the same in the circuit court, the demurrer was overruled and a decree entered in the circuit court requiring appellant to perform his part of the contract and pay to appellee the purchase price of $8000 for the lot on the execution and delivery to him of a proper deed of conveyance, and further decreeing that the clause mentioned in the deed from Henry A. McFadden to appellee, which provided that as to one-half of said property appellee should not convey, mortgage or in any way dispose of the same for a period of twenty years after the decease of Henry A. McFadden, was an attempted restraint on alienation and void. The appellant elected to stand by his demurrer and prayed an appeal to this court

The sole question at issue in this case is whether the provision in question that the half interest in said lot should not be conveyed or mortgaged or in any way disposed of during twenty years after the grantor's decease was a void restraint on alienation and against public policy under the laws of this State.

Counsel for appellant concedes that the general rule is that an absolute restraint on alienation of an estate granted in fee simple is repugnant to that part of the conveyance which grants a fee simple estate and is void as against public policy, but argues that a "grant or devise may be conditioned that the grantee or devisee shall not alienate for

a particular time or to a particular person." With this we cannot agree. This court held in *Jones* v. *Port Huron Engine Co.* 171 Ill. 502, on page 507, that "a restriction, whether by way of condition or of devise over or against alienation, although for a limited time, of an estate in fee is likewise void, as repugnant to the estate devised to the first taker, by depriving him during that time of the inherent power of alienation." In a long line of decisions this court has laid down practically the same rule as laid down in the case just quoted from. See the following among many other cases where substantially this rule has been stated: *Jenne* v. *Jenne,* 271 Ill. 526; *Little* v. *Bowman,* 276 id. 125; *Davis* v. *Hutchinson,* 282 id. 523; *Noth* v. *Noth,* 292 id. 536; *McNamara* v. *McNamara,* 293 id. 54; *Gray* v. *Shinn,* 293 id. 573; *McIntyre* v. *Dietrich,* 294 id. 126; *Randolph* v. *Wilkinson,* 294 id. 508. The standard authorities in other jurisdictions hold to the same effect. See Gray on Restraints on Alienation, (2d ed.) 8; Kales on Estates and Future Interests, (2d ed.) secs. 727-731, inclusive, and cases there cited.

The authorities cited and relied on by counsel for appellant we do not think are in any way in conflict with the conclusions reached in the cases heretofore cited on this question. Counsel cites and relies on *Rhoads* v. *Rhoads,* 43 Ill. 239, but in that case there does not appear to be any attempt whatever to restrain alienation of what was devised by the will. The beneficiaries under the trust there referred to might alien their equitable interests at pleasure, and for the first fifteen years after the testator's death the equitable interest was all that the will gave them. The question raised was whether the will gave them also the legal estate in the property upon their coming of age within the fifteen years. No question was made in that case but that they could alienate if they had any right to the legal title. We do not think that case is in point on the question here under consideration.

Counsel also cites and relies on the decision of the United States Supreme Court in *Nichols* v. *Eaton,* 91 U. S. 716. That court stated in the later decision of *Potter* v. *Couch,* 141 U. S. 296, on page 315: "And on principle and according to the weight of authority a restriction, whether by way of condition or of devise over, not forbidding alienation to particular persons or for particular purposes, only, but against any and all alienation whatever during a limited time, of an estate in fee, is likewise void as repugnant to the estate devised to the first taker by depriving him during that time of the inherent power of alienation;" and from what is said later in the opinion in the *Potter case* with reference to the opinion in the *Nichols case* it is clear that it was not intended by that court to lay down any different rule in the *Nichols case* from the rule laid down by this court in the cases already cited.

Numerous authorities are cited from other jurisdictions by both counsel, but in view of the long settled doctrine of this court on this question and the weight of authority in other jurisdictions we do not deem it necessary to refer to more of them specifically or to attempt to distinguish the various cases in this and other jurisdictions. What this court has said on this subject we consider controlling here, and in our judgment nothing is stated in the authorities relied on by counsel for appellant that in any way causes us to doubt the correctness of the former decisions of this court to the effect that such a restraint on alienation as was inserted in the deed from Henry A. McFadden to his son was void as against public policy. The circuit court therefore rightly entered the decree requiring appellant to carry out his contract to purchase the property from appellee if the latter complied with the conditions of the contract.

The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*