Henry C. Arndt and Joseph Bonavia, Plaintiffs-Appellants, v. L. C. Miller, et al., Defendants, L. C. Miller and Commercial Mortgage and Finance Company, Defendants-Appellees.

Gen. No. 11,014.

Second District.

September 12, 1957.

Released for publication September 30, 1957.

Berry & Simmons, of Rockford, for appellant.

Miller, Thomas, Hickey & Collins, and Johnson & McCalmont, all of Rockford, for appellee.

PRESIDING JUSTICE DOVE delivered the opinion of the court.

On April 27, 1956, the plaintiffs filed their complaint in the Circuit Court of Winnebago county alleging that they were the owners as tenants in common and in possession of a described seventy-nine acres of unimproved vacant land, previously used for agricultural purposes and situated near Rock River several miles north of Loves Park, a suburb of Rockford, Illinois. It was further alleged that on March 10, 1952, the defendant, L. C. Miller, owned these premises and on that day sold and conveyed them, by warranty deed, to defendant, Herman P. Hurst; that said deed of conveyance contained the following restrictions, viz.: "Provided that the grantee, his successors or assigns shall not subdivide or plot or permit more than one dwelling house on the premises prior to January 1, 1960, and shall not permit any commercial or industrial buildings on said premises prior to January 1, 1960, and no trailers prior to January 1, 1960."

The complaint then alleged that on March 11, 1952, the said Herman P. Hurst sold and conveyed the described premises to the defendant, Commercial Mortgage and Finance Company, an Illinois corporation, and that said deed of conveyance contained and had included therein the same restrictions contained in the conveyance from Miller to Hurst. It was then alleged that on September 19, 1952, the Commercial Mortgage and Finance Company conveyed said premises to Elizabeth S. Heileman, who, on April 25, 1955, conveyed said premises to The Third National Bank of Rockford as trustee, which bank, on May 2, 1955, conveyed said premises to plaintiffs; that all of said conveyances were duly recorded in the Recorder's Office of Winne-

425

bago county and each conveyance had included therein the same restrictions contained in the Miller deed of March 10, 1952.

From the foregoing allegations, the pleader concluded that the restrictions were restraints upon alienation and as such were unreasonable, illegal, null, void and against public policy and averred that such restrictions have clouded the title to said premises and rendered plaintiffs' title unmerchantable. The prayer of the complaint was that these restrictions be removed as clouds upon the title of the plaintiffs and that the court declare (a) that so far as the restrictions restrict against subdividing or platting they be declared null and void; (b) that the restriction permitting no more than one dwelling house be declared null and void; and (c) that the restriction restricting the sale of any portion of the premises be declared null and void. The defendants answered the complaint, but their answers were subsequently withdrawn, and motions to dismiss were filed upon the ground that the complaint failed to state a cause of action entitling the plaintiffs to any relief. These motions were heard and sustained, and, from an appropriate final order dismissing the complaint at plaintiffs' costs, the plaintiffs appeal.

Counsel for appellants state that they have no quarrel with the law which permits the restriction of the use of premises for undesirable purposes, but that restrictions which interfere with the free use of property are not favored; that the building of homes is not of the same nature as the erection of a filling station or the maintenance of a tavern or junk yard and that the right to build a home is inherent in our economic and judicial systems. Counsel insist that as long as these restrictions are operative, the plaintiffs are precluded from platting or subdividing any part of these premises or from building more than one dwelling

426

house upon this seventy-nine-acre tract. Counsel argue that in prohibiting subdividing or platting the premises involved the grantors, in effect, restricted the sale of any part of this tract; that this is the practical result reached by the use of the language employed and, therefore, these restrictions are a restraint upon alienation and, therefore void. In support of their contention counsel cite Muhlke v. Tiedemann, 177 Ill. 606; Davis v. Hutchinson, 282 Ill. 523; and McFadden v. McFadden, 302 Ill. 504.

■■■■ Restrictions which interfere with the free use of property are not favored in the law (Curtis v. Rubin, 244 Ill. 88, 93; Eckhart v. Irons, 128 Ill. 568). A prohibition against mortgaging or conveying a devised tract of land without the consent of named persons subject only to such restriction is a restriction against alienation and therefore void (Muhlke v. Tiedemann, 177 Ill. 606). In Davis v. Hutchinson, 282 Ill. 523, the court held that a general restraint on the power of alienation when incorporated in a will or deed otherwise conveying a fee simple right to the property is void. In McFadden v. McFadden, 302 Ill. 504, a father conveyed to his son certain farm lands and an interest in certain city property upon the express condition that within the period of twenty years following the death of the father the grantee should not convey, mortgage or in any way dispose of the property so conveyed. The court held that this was a restraint upon alienation, although for a limited time, was repugnant to the grant of a fee simple estate and was void.

In the instant case, appellants took a fee by virtue of the provisions of the deed of March 2, 1955. There is no restriction in that deed against alienation. Appellants can devise or convey the premises described therein as they may desire. The restrictions were evidently intended to keep the farm land used as farm

land and not permit the owner to plat or subdivide the land or sell small tracts therefrom to the disadvantage of the original owner, Miller. The restriction here is not one against alienation, but a restriction against the use of the land for certain purposes. The original intent of the grantor, Miller, is clearly set forth in the language which he employed.

Star Brewery Co. v. Primas, 163 Ill. 652, was a bill to enjoin the owner of certain premises from using or authorizing the use of said premises for saloon or dramshop purposes so long as the plaintiff owned a house known as the "Bluff Saloon." The restrictive clause in the conveyance involved in that proceeding was: "The premises hereby conveyed are not to be used for saloon or dramshop purposes so long as the grantor owns the house formerly owned by Hanslick." It was conceded that the house formerly owned by Hanslick is what is known as the Bluff Saloon. The decree of the circuit court, granting the relief prayed, was affirmed by the appellate court and, in affirming that judgment, the Supreme Court said that this clause was a negative covenant and that the owner of land may insist, when selling it, upon such covenants as he pleases touching the use and mode of enjoyment of the land; that he has a right to define the injury for himself and the party contracting with him must abide by the definition; that there was nothing illegal in this restriction and no reason why its breach could not be enjoined; that it was not void as being in restraint of trade because the restriction merely prevented the use of a particular piece of property in a certain way; that restrictions imposed upon the use of property which are not undue, but limited only, are not in violation of law. The court then continued (p. 659): "While it is true that, where land is conveyed in fee, restrictions in the use are not favored, yet it is also true that, where the intention of the parties is clear

428

in the creation of restrictions upon the use of a grantee, courts will enforce the same."

In Frye v. Partridge, 82 Ill. 267, it appears that the grantors owned certain real estate which they used as a landing for a public ferry, and they sold another tract subject to a restriction that the grantees should not establish a ferry boat landing thereon. In sustaining the restriction, the Supreme Court stated (p. 272) : "It would be a strange doctrine, indeed, to hold that an owner of real estate could not convey a part thereof, and restrict its use in such a manner as not to impair or lessen in value the portion retained."

In Brandenburg v. Country Club Bldg. Corp., 332 Ill. 136, the court said (p. 145) : "The owner of real estate has the right to convey it subject to any restriction he may see fit to impose and the only restriction upon such right is that it must be exercised with proper regard to public policy and that the conveyance must not be in restraint of trade. The purchaser from the grantee in a conveyance which imposes upon the grantee restrictions in the use of the land not opposed to public policy will be bound by the restrictions, and equity will enforce them upon equitable principles by injunction against their violation at the suit of any person in whom the right to enforce them is vested." The court then continued: (p. 146) "Vendors and vendees, having the right to agree upon the purpose for which land may be used and the manner of such use, their express covenants in regard thereto will be enforced without proof of damages where facts amounting to an estoppel or laches are not shown."

█ A restrictive covenant as to the use of land, such as involved here, is not in restraint of trade or against public policy. The restraints here merely prevent the use of this particular tract in a certain way. When appellants purchased this property, they each became the owner of an undivided one-half thereof in

fee. There is no restraint against, or limitation of, the alienation of all or any part of the estate each acquired by virtue of their deed from their grantor. They knew the restrictions which were clearly set forth in their deed and should be bound by the terms of the conveyance which they accepted and for which they paid a consideration agreeable to the parties involved.

The decree appealed from is affirmed.

Decree affirmed.

CROW, J., concurs.