**Cecil John Arthur Howard, et al., Plaintiffs-Appellants, v. Ralph Chapman, Neil B. Dawes and Newton C. Farr, as Trustees Under the Will of Levi Z. Leiter, Deceased, et al., Defendants-Appellees.**

### Gen. No. 51,721.

First District.

October 16, 1968.

Wilson & McIlvaine, of Chicago (Calvin F. Selfridge and Charles R. Staley, of counsel), for appellants.

Mayer, Friedlich, Spiess, Tierney, Brown & Platt, of Chicago (Sherwood K. Platt, of counsel), for appellees.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Three cases involving the interpretation of the testamentary trusts created in the will of Levi Z. Leiter were consolidated in this court for purpose of appeal. Cases 51,638 and 51,720 have been disposed of and have no

bearing on the issue here involved. The trial court held in Case 51,721 that attempted assignments by present income beneficiaries of their rights to receive income from the trust were invalid under the terms of the will. This appeal is from that order.

The last income beneficiary is now dead and the time for a distribution of the estate has arrived. Prior to her death, the last income beneficiary made assignments of her right to the income to members of her family. The trial court held that such assignments were in violation of the following provision of the will:

> "AND IT IS MY WILL AND I DIRECT that none of my said children or any person entitled at any time to receive any share of said net income, shall have the right or power to anticipate or encumber in anywise his or her share of the yearly income to be received from said trust estate, or to give orders in advance for the same on the said trustees."

Appellants assert that where a fee simple is involved, a restraint on alienation, however clearly expressed, is void. Davis v. Hutchinson, 282 Ill 523, 118 NE 721. They recognize, however, an accepted exception to that rule is that a restraint on alienation by a cestui que trust of his interest in the trust estate is valid provided such restraint is clearly expressed in the document. They thus urge that there is no express restriction in the Leiter will against an income beneficiary assigning to other members of his family the right to receive a portion of the income payable to him. They reach this conclusion by stating that such an assignment is not an anticipation of or an encumbrance on nor an order given in advance to the trustees and hence is permissible.

In reaching this conclusion, appellants point out that there is no specific prohibition or restriction on assignment in the clause quoted. In another portion of the will

137

which has no relationship to our problem directly and in dealing with another income beneficiary, the testator provided that the income should be paid "without any power on his part to anticipate or *assign* the same and without any liability for the same to be taken from him by his creditors, etc." Thus, if the testator had intended to prevent all of his income beneficiaries from assignment to their respective families of their right to receive the yearly income as well as to prevent them from anticipating, encumbering or giving orders in advance on the yearly income, he could easily have said so and did so in the instance above cited.

Levi Z. Leiter died June 9, 1904, leaving him surviving his widow and four children. His will was admitted to probate in the District of Columbia on June 20, 1904, and in Cook County on July 24, 1905. The widow and three of the children died prior to the institution of this suit. When it was instituted in March 1966, Lady Suffolk was the only living child of Levi and then 86 years old. She has since died and her death triggers the final distribution of the estate as provided by the will. While her death has perhaps solved some of the problems in this estate, it does not solve the precise issue before us as to whether or not purported assignments in this case are valid. This is, however, an issue concerning only the life tenant (now her estate), her descendants and assignees and the trustees and the trial court properly so held.

■ Immediately preceding the portion of the will first above described is this language:

> "I direct my said trustees to pay over in each year during the continuance of the trust hereby created, to each of my said children, or to the issue of any one of them who may have deceased as aforesaid, the share of said net income to which each may be

138

entitled hereunder, upon the sole and separate receipt of the one so entitled. . . ."

Based upon this proviso and upon the provision that a beneficiary should not "give orders in advance for the same on the said trustees," the trustees refused to accept the validity of the assignments and state that they are obliged to carry out the plain terms of the will. They further point out that the assignments of Lady Suffolk include as recipients or potential recipients of the assigned income the spouses of the assignees, and thus purport to pass the income to persons other than the testator's descendants and consequently go outside of the objects of testator's bounty as set forth in the will. In addition, in the assignment of another income beneficiary, the assignment constituted the Bahama Trust Company as a trustee and delegated the selection of the beneficiaries to that trustee. Neither the Bahama Trust nor the assignments include all of the children of the assignors and distribution pursuant to either the trust or any assignment would violate the testator's numerous provisions providing for his descendants or issue per stirpes. The directions to the trustees were simple and explicit. They had been followed for almost 62 years. They were not complicated. It is conceded that there is no specific authorization for an assignment nor is there a specific prohibition against an assignment. It is urged that the prohibition against anticipation referred only to obtaining the income before it comes due and payable, the prohibition against an encumbrance refers only to mortgaging the future income in order to obtain current funds and the prohibition against orders in advance forecloses the income beneficiary from selling his rights to individuals and corporations who make a business of purchasing the future rights of a beneficiary at a grossly discounted figure. Assuming these assertions to be true,

139

the implication is quite clear that it was the testator's intention to forbid the income beneficiary from disposing of the income in any manner prior to the time that he or she was entitled to receive it.

Appellants rely heavily on Blair v. Linn, 274 Ill App 23. In that case the will provided that the income should be paid to the testator's wife and to his son "directly upon their separate *order* and receipt therefor," etc. (Emphasis supplied.) In Blair, the court properly stated that the word "order" means a writing requiring the party to whom it is addressed to deliver property of a person making the order to someone therein described. Thus, the language of the Blair will clearly implied permission to do the very thing that was done by the assignments there discussed. In the Leiter will, there is no language supporting any such implication and in fact the clear implication from the words prohibiting "orders in advance" is just the contrary.

■ ■ It is suggested that in any event the court should permit a deviation from the precise terms. The income beneficiary paid income taxes on income in excess of $200,000, and if the assignments were valid, it is suggested that both the income beneficiary and the assignees would pay a reduced income tax and thus everybody would be benefited and this would meet the approval of the testator were he now living. The difficulty with this argument is that it is doubtful that these assignments would save tax. Commissioner v. Bosch, 387 US 456, 18 L Ed2d 886, 87 S Ct 1776. In addition, the benign and beneficent objective of lawfully avoiding the payment of income taxes furnishes no sound basis for rewriting the will of the testator. The cold blunt fact was that in 1904, the testator had never heard of income taxes—and neither had anyone in this country. This is not a circumstance that warrants a deviation from the administrative provisions of a trust where the deviation

would benefit all of the beneficiaries. We have already pointed out that not all of the descendants of the income beneficiaries were benefited by the assignment or the Bahama Trust. Accordingly, the deviation because of income tax consideration is unwarranted. Chicago Title & Trust Co. v. Schwab, 347 Ill App 233, 106 NE2d 857.

█ Neither is this income tax situation within the terms of an. "emergency" which will justify a court of equity in breaking in upon the terms of the will and ordering a disposition of trust property contrary to its terms. A set of circumstances which has existed for 50 years can hardly be termed an emergency in its 51st year. The case is not within either the facts or the intent of Thorne v. Continental Illinois Nat. Bank & Trust Co. of Chicago, 18 Ill App2d 163, 151 NE2d 398. Accordingly, we hold that the assignments here involved are a nullity and that there are no circumstances which would justify a court of equity permitting a deviation from the terms of the will or from a practice in the administration of the trust which has persisted for more than 60 years. The judgment of the trial court is affirmed.

Affirmed.

CRAVEN and TRAPP, JJ., concur.