MATTIE I. HOLMES, Appellant, *vs.* LESTER MINER *et al.* Appellees.

*Opinion filed December 21, 1910.*

1. WILLS—*rule of construction in determining whether a less estate is limited by express words.* In determining whether a fee simple estate of inheritance devised by a will is limited to a less estate by express words, it is a rule of construction that an estate given by one clause of a will cannot be cut down or taken away by a subsequent clause except by clear and unambiguous terms.

2. SAME—*courts are averse to construing a gift over so as to divest property already vested in possession.* Courts are averse to construing a gift over in such a manner as to divest property already vested in possession, and will not do so unless the words of the will require such a construction.

3. SAME—*when a substitutionary gift should be limited to remainder.* Unless an intention to the contrary is clearly expressed, a substitutionary gift to one of the testator's daughters in case the

other daughter should die without leaving a living heir of her body should be limited to lands in which a remainder was devised to the latter daughter after the life estate of her mother, and not as extending to lands to which the title had vested in such daughter in possession at the death of the testator under a previous clause in the will devising the same to her specifically, in language sufficient to create a fee simple estate.

APPEAL from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding.

W. E. WILLIAMS, and A. CLAY WILLIAMS, for appellant.

WILLIAM MUMFORD, and ANDERSON & MATTHEWS, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Mattie I. Holmes, the appellant, brought this action of ejectment in the circuit court of Pike county for the recovery of the north-east quarter of section 36, in township 7, south, range 5, west, in Pike county, against Lester Miner, one of the appellees, a tenant of Otis D. Leach, the other appellee, who was afterward added as a defendant. A jury having been waived the cause was tried upon a stipulation of facts. The court found the issues for the defendants and entered judgment accordingly.

Both parties claim title from the same source, the plaintiff claiming as devisee under the will of her father, J. S. Irwin, and the defendant Otis D. Leach claiming under *mesne* conveyances from Ida E. Grimes, another daughter of the testator and devisee under the same will.

The following facts were submitted to the court by the stipulation: The testator, J. S. Irwin, was a lawyer of high standing and large experience, and he wrote his own will and executed it on March 27, 1892. He was then about seventy-two years old and he died January 4, 1894.

At the time of the execution of his will and at the time of his death his family consisted of Meribah P. Irwin, his wife, Mattie I. Holmes, a widowed daughter with three children, aged, respectively, about twenty, twelve and ten years, and Ida E. Grimes, another daughter, the wife of Virgil A. Grimes. By the first paragraph of his will the testator provided for the payment of debts and funeral expenses, and by the second he devised to his daughter Mattie I. Holmes, the plaintiff, her heirs and assigns, all his real estate in the State of Iowa and certain land in Pike county specifically described in that paragraph. He also devised to her after the death of his wife, if his wife should survive him, certain lands in Kansas and several tracts of land in Pike county, the lands so devised to be her sole property, free from any right of dower or curtesy of any present or future husband. By the third paragraph he devised to his daughter Ida E. Grimes certain lands in Pike county therein specifically described. That devise was followed by a devise of a remainder after a life estate in his wife, and a further provision, all in the following language: "I also devise and bequeath to my daughter Ida, after the death of my wife, if she should survive me, all the rest and residue of my lands not devised to my daughter Mattie. If at the death of my wife, or at my death, if I survive her, my said daughter Ida shall have deceased, leaving no heir of her body alive, then all such lands devised to her in this will shall, at the death of myself and wife, descend to and become the property of my daughter Mattie, but if any heir of the body of the said Ida shall survive her and be alive at the death of the survivor of myself and wife, then the real estate so devised shall descend to and vest in such surviving child or children." By the fourth paragraph of the will the testator bequeathed to his wife, Meribah P. Irwin, if she should survive him, all his personal property absolutely, and devised to her during her natural life all the rest and residue of his real estate except those lands devised

absolutely and specifically to his daughters, Mattie and Ida, with full power to sell the lands so devised for the payment of debts, taxes or her support. He then provided that the devises to his wife, if accepted by her, should bar her rights of dower in the lands devised specifically and absolutely to his daughters, Mattie and Ida. The daughter Ida E. Grimes died March 25, 1904, leaving Virgil A. Grimes, her husband, but leaving no child and having never had a child. The widow, Meribah P. Irwin, died on November 25, 1909. The land, the title of which is in controversy in this case, is one of the tracts which was specifically devised to the daughter Ida E. Grimes and in which the widow did not have a life estate.

The question upon which the rights of the parties depend is whether the gift to the plaintiff, Mattie I. Holmes, in the event of the death of the daughter Ida E. Grimes without leaving issue, applies to all the lands devised to her or only to the lands in which the widow took a life estate. The testator first devised to his daughter Ida certain lands specifically described, in language sufficient to vest in her a fee simple estate of inheritance upon his death if a less estate was not limited by express words of the testator or does not appear to have been devised by construction or operation of law. In determining whether a less estate was limited by express words, the rule of construction is that an estate given by one clause of a will can not be cut down or taken away by a subsequent clause except by clear and unambiguous terms. (*Roberts* v. *Roberts,* 140 Ill. 345.) The title to the lands specifically devised to Ida vested in her in possession on the death of the testator, and the courts are averse to construing a gift over in such a manner as to divest property already vested in possession, and will not do so unless the words of a will require such a construction. There are in this will no clear and unambiguous words applying to all the lands devised to the daughter Ida. The devise of a remainder after the life

estate of the widow was in terms a devise of all the rest
and residue of the testator's lands not devised to his daugh-
ter Mattie, the plaintiff; but it is evident that the reference
was only to lands not specifically devised to either of his
daughters. He had already devised specifically to his daugh-
ter Ida certain lands, and only lands not specifically devised
could be described as the rest and residue of his lands. As
applied to the lands in which there was a life estate in the
widow, the gift was substitutionary and took effect at the
termination of the life estate, but if construed to apply to
all the lands devised it would operate to divest the fee which
Ida took on the death of the testator, and it requires clear
language to bring about such a result. Such language was
not used by the testator, but in providing for the substitu-
tion he used the words "such lands devised to her in this
will." This followed the devise of the remainder after the
life estate, and the word "such" indicated lands particu-
larized, as distinguished from all the lands devised. The
lands so distinguished by the testator must have been those
in which a remainder was to take effect at the time fixed
for the substitution. Another reason for concluding that
the testator did not there refer to all the lands devised is
found in the fourth paragraph, where the testator devised
to his wife the life estate in the rest and residue of his real
estate, "except those lands devised absolutely and specific-
ally" to his daughters, Mattie and Ida. Again, he provided
that the devises to his wife were intended, if accepted by
her, to bar her rights of dower in the "lands devised spe-
cifically and absolutely" to his daughters. This language
shows that he intended that some devises to his daughter
Ida should be absolute, and that those which were specific
should be of that character. The lands specifically devised
to Ida were those in which the widow had no life es-
tate, and the testator twice mentioned those lands as not
only being devised specifically, but also absolutely, to her.
We conclude that the substitutionary gift to the plaintiff

was only of the lands in which the widow had a life estate; that the daughter Ida took a fee simple estate in the lands specifically devised, and that her conveyance vested such title in her grantee. The finding and judgment were in accordance with that view.

The judgment is affirmed.        *Judgment affirmed.*