(No. 13661.—Decree modified and affirmed.)

JOHN JUNGELS, Appellee, vs. ANNA HEILER, Appellant.

*Opinion filed December 21, 1920.*

WILLS—*when interest of named grandchild is limited to a specific legacy.* Under a will providing that after the death of the testator's wife the real and personal property "shall go to my children, (nine) in number, share and share alike, except Katherine, deceased wife of Seraphine Willmeng, whose issue, (child) Anna Willmeng, shall receive her deceased mother's share, being the amount of five hundred dollars, when she has become of lawful age, that is to say, eighteen years old," the interest which the named grand-daughter takes is limited to the specific legacy mentioned.

APPEAL from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

WILLIAM C. MOONEY, and FRANK J. WISE, for appellant.

JOHN H. SAVAGE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill filed by appellee, John Jungels, in the circuit court of Will county, to construe the will of John Jungels, Sr., deceased. After a hearing a decree was entered in June, 1920, construing the will. From that decree Anna Heiler has prosecuted this appeal.

John Jungels, Sr., a resident of Will county, made his will in 1886 and added a codicil thereto in 1894. He died December 11, 1919. His estate consisted of about 372 acres of farm land situated in Will and Cook counties and personal property amounting approximately to $21,000. He left him surviving his widow, Anna Maria Jungels, and six children,—Peter Jungels, Mary Hostert, Susan Schelling, Nicholas Jungels, John Jungels and Anna Welter,—two grandchildren who were children of a deceased daughter and one grandchild who was the sole heir of another deceased daughter. When he made the will he had nine children liv-

ing. In 1888, about two years after the execution of the will and prior to the execution of the codicil, one of the daughters, Katherine Willmeng, mother of appellant, died, leaving as her only heir appellant, who was born December 17, 1885, and was about nine years old when the codicil was made. After making the codicil two other children died,—Margaret Welter in 1896, leaving two sons, George and John, and in 1907 Barney Jungels, who had never married and left no issue. At the time the will was executed Jungels was residing on his farm and the will was drafted by a neighboring justice of the peace. Jungels moved to the village of Lemont about 1890, and the codicil was drafted there by another justice who resided near him. The part of the will necessary to be construed reads:

"In the Name of God, Amen.

"I, John Joungls Sr. * * * do therefore Make, ordain, publish, and declare, this to be my last will and testament; That is to say. First after all my lawful debts are paid and discharged, the residue of my estate real and personal, I give, bequeath, and dispose of as follows to wit. To my beloved wife, the Land and appurtenances situated thereon known and discribed as the J. Joungels Farme and all personal and Real Eastat that may be left after My death to my beloved Wife, Ana Maria Joungels She is to have and hold the Same for her exclusive benafit so long as she may live.

"After the death of my wife, Ana Maria Joungels I desire that my property what ever may be left to be distriputed as she things best. I will appoint my wife as Sole executrix of my last will and testament herebey Revoking all former Will by me maid."

The part of the codicil to be construed reads:

"Codicil 1. It is my further wish and will, that all the remaining property aforementioned, remaining in the possession of my said beloved wife, Anna Maria Jungels, at her decease, shall go to my children, (Nine) in number,

share and share alike, except Katherine, deceased wife of Seraphine Willmeng, who's issue, (child) Anna Willmeng, shall receive her deceased mothers share, being the amount of Five Hundred Dollars, when she has becom of lawful age, that is to say, eighteen years old, but if she sould die before that time leaving no issue, then the said sum shall be divided among my other eight children. This sum shall not draw any Interests, and may also be paid by my wife, if she so desires to the benefit of said Anna Willmeng, before said time, and at the option of my said wife."

The will and codicil were duly admitted to probate in Will county on January 21, 1920, and the widow having refused to act as executrix, her son-in-law Nicholas L. Welter was appointed administrator with the will annexed. No question is raised with reference to the due execution of the will and codicil nor as to their being properly probated, the only question being as to their construction.

Counsel for appellant argue that the will is vague and indefinite and does not clearly define and determine the rights and interests of the beneficiaries, while counsel for appellee argues that the will clearly sets out the interests as found by the decree. The decree found that the widow took an estate for her natural life in the real estate of which the deceased died seized and in the balance of the personal estate left after the payment of just debts, claims and costs of administration, and that appellant was entitled to $500 as a bequest upon the death of the life tenant, Anna Maria Jungels; that, subject to the tenancy of the life tenant, appellant also took an undivided 2/128 in the aforesaid balance of the estate, real and personal, after taking from the personal estate her $500 legacy, as the heir of her deceased uncle, Barney Jungels; that George and John Welter each took an undivided 9/128, and that the six surviving children of deceased each took an undivided 18/128.

Counsel for appellant argue that the use of the word "children" in the will was clearly intended to include the

grandchilden under the reasoning of *Arnold* v. *Alden,* 173 Ill. 229, and *Hanes* v. *Central Illinois Utilities Co.* 262 id. 86. This argument should be sustained. This seems to be conceded by counsel for appellee. Both counsel seem also to agree that while the widow took a life estate, both under the will and the codicil, the power of disposition given her under the will was taken away by the codicil. The chief bone of contention between counsel is as to the amount of the estate which appellant was entitled to take under the codicil, counsel for appellant insisting that she took a one-ninth interest in all of the testator's property, both real and personal, while counsel for appellee argues that the decree rightly held that the proper construction of the codicil would only give her a legacy of $500 when she became of lawful age. Both counsel agree that the proper construction should be reached by ascertaining the intention of the testator as shown by the will, and that the controlling rule of construction in interpreting wills is that the intention of the testator as gathered from the entire instrument should control, provided it is not inconsistent with the settled rules of law. (*Howe* v. *Hodge,* 152 Ill. 252; *Abrahams* v. *Sanders,* 274 id. 452.) Counsel also appear to agree that other decisions construing wills, while they may serve as guides with respect to the general rules of construction, usually have but little weight in construing wills other than the particular ones considered in the respective cases. *O'Hare* v. *Johnston,* 273 Ill. 458, and cases cited; Kales' Future Interests, (2d ed.) sec. 152.

Counsel for appellant argue that it is clear, under the provisions of the original will and the statutes of this State, that appellant would have been entitled thereunder, on the death of her grandfather, to a one-ninth interest in his estate, provided the widow did not exercise her testamentary power of disposition, and that the first part of the codicil clearly shows, by describing the children as nine in number, to share and share alike, the testator intended thereby that

each of the nine shares should be equal, under *Jenne* v. *Jenne,* 271 Ill. 526, while counsel for appellee insists that the reasoning in *Jenne* v. *Jenne, supra,* shows that the words "share and share alike" are not to be considered as fixing the quantity that the beneficiaries should receive; that such interest must be ascertained from the other language in the will.

Counsel for appellant also argue that under the original will and the first part of the codicil it is clear that the testator intended that, subject to the widow's life estate, one-ninth of his estate should go to appellant; that under the decisions of this court it has often been held that an estate given by one clause of the will will not be cut down or taken away by a subsequent clause except by clear and unambiguous terms. (*Holmes* v. *Miner,* 247 Ill. 586; *Little* v. *Bowman,* 276 id. 125.) It is also insisted that as the testator by the first part of the codicil clearly intended to give one-ninth of his estate to his grand-daughter, to cut this interest down to $500 under the further wording of the codicil would be contrary to the well known rule of construction that where words of quantity or value are used they will not control where there is a general description showing that the testator intended to dispose of his entire estate. (40 Cyc. 1410; *Deppen's Trustee* v. *Deppen,* 132 Ky. 755; 7 Corpus Juris, 1033, note 66; see, also, 2 Jarman on Wills,—R. & T. 5th Am. ed.—391.) Again, it is insisted that the word "being," as used in the codicil, might well be construed as a *videlicet,* and that therefore, as stated in *Stukeley* v. *Butler,* Hobart, (Williams' Am. ed.) 300, such word would neither increase nor diminish the nature of the estate devised; that the rule of construction should also be borne in mind that a testator is always presumed to have intended to dispose of all his property and leave no part of it intestate, (*Moeller* v. *Moeller,* 281 Ill. 397,) and that this presumption is strengthened where there is no residuary clause in the will; (*Felkel* v. *O'Brien,* 231

Ill. 329;) that if appellant is held to take only $500, the difference between the $500 and a one-ninth interest in the estate would be undisposed of by the will and would have to go by the Statute of Descent.

Counsel for appellee agrees, generally, with these rules of construction, but contends that the codicil clearly and plainly, in unambiguous terms, shows that the testator intended that appellant should receive a devise of only $500; that if the construction be given to the codicil as argued by counsel for appellant, a part of the codicil following the word "except" must be left without meaning, and that one of the cardinal rules of construction is that no words of a will are to be deemed used without a purpose or to be left meaningless, and when one construction of a will renders a portion of the will meaningless and another gives effect to all the provisions the latter construction should be adopted; (*Rasmusson* v. *Hoge,* 293 Ill. 101; 1 Underhill on Wills, sec. 361;) that the word "except" and the words "five hundred dollars" were inserted in the codicil by the testator for some purpose and cannot be ignored. Counsel for appellee further argues that the testator did not provide that all should receive equal shares but expressly stated that all the nine should share and share alike, *except* as to Katherine's share, which should go to her daughter and be $500. He also argues that the clause of the codicil which reads, "this sum shall not draw any interests," clearly shows that the testator intended that the portion given to appellant was to be money and not land, as does also the provision of the codicil which refers to the payment of her portion before she becomes eighteen. The same argument is made with reference to the use of the word "sum" to be divided among the other eight children if appellant dies before she is eighteen.

We are of the opinion that, considering all parts of the will and codicil together for the purpose of ascertaining the true intent of the testator, leaving no part meaningless or

without effect, the decree of the trial court correctly construed the will and codicil as intending to give appellant $500 in money when she became of age.

Counsel for appellant further argue that if this be the proper construction on the point just considered, the will should be so construed as to require, under the express language of the codicil, the payment of the legacy of $500 now, as appellant has passed the age of eighteen years. We are of the opinion that this is the fair construction of this portion of the codicil, and that the decree should be modified so as to require the payment of the $500 to the appellant without awaiting the death of the life tenant. As thus modified the decree of the circuit court will be affirmed.

*Decree modified and affirmed.*

---

(No. 13592.—Reversed and remanded.)
JOHN G. PRATT *et al.* Appellants, *vs.* WILLIAM B. HARRIS *et al.* Appellees.

*Opinion filed December 21, 1920.*